ROCK ISLAND IMPLEMENT COMPANY, Appellant, v. SLOAN & CORBIN, Defendants; THOMAS CORBIN, Interpleader, Respondent.

Kansas City Court of Appeals, March 2, 1903.

1. **Trial and Appellate Practice: REVERSING AND REMANDING: RETRIAL.** Where on an appeal it is ruled that a peremptory instruction should have been given and the cause is reversed and remanded, it does not indicate that judgment should be rendered without another trial, but rather the reverse.

2. **Appellate Practice: BILL OF EXCEPTIONS: QUASHING DEPOSITION.** Where a motion to quash a deposition is not set out in the bill of exceptions and no attention called thereto in the motion for new trial, the action of the trial court can not be reviewed on appeal.

3. ———: ———: EVIDENCE: WITNESS. Where a witness's testimony is objected to on the ground that it contradicts his testimony at a former trial, the action of the trial court in admitting it can not be reviewed unless such former evidence is set out in the bill of exceptions, since the fact of a witness's evidence being inconsistent with his prior testimony is not ground for its exclusion.

4. Appellate and Trial Practice: LEAVE TO FILE BILL OF EXCEPTIONS: EXTENSION OF TIME: JUDGE: CLERK. Whether a vacation entry not purporting to be made by the judge or by his direction extending the time to file the bill of exceptions is valid, quaere.

Appeal from Cass Circuit Court.—*Hon. W. L. Jarrott,* Judge.

AFFIRMED.

*James C. Williams* and *W. D. Summers,* for appellant.

(1) The court should have entered judgment upon the mandate of the Court of Appeals in Rock Island Implement Co. v. Corbin, 83 Mo. App. 438. Relfe v. Ins. Co., 5 Mo. App. 580; State ex rel. v. Boyle, 6 Mo. App. 57; Gamble v. Gibson, 10 Mo. App. 335; Treadway v. Johnson, 39 Mo. App. 176; Implement Co. v. Corbin, 83 Mo. App. 438; Choteau v. Allen, 74 Mo. 59. The court should have quashed the deposition of W. D. Corbin, and should not have admitted any of the testimony of J. H. Sloan, except such as did not contradict Sloan's testimony given in the former trial. R. S. Mo. 1899, sec. 4652; Ashbrook v. Letcher, 41 Mo. App. 380; Hayden v. Grillos, Admr., 42 Mo. App. 2; Coughlin v. Hauessler, 50 Mo. 126; Chapman v. Dougherty, 87 Mo. 621; Meier v. Thieman, 90 Mo. 441.

*George Bird* and *Barnett & Burney,* for respondent.

(1) The judge may grant an extension in vacation, but as he is not acting as a court, nor is he (nor the

court in this matter) acting according to the course of the common law, there is no presumption indulged in favor of the validity and regularity of the proceedings, but that the entries were made by order of the judge should appear, either by recital in the record assuming to grant the extension, or by an order in writing signed by the judge, filed with the clerk at the time and entered on the vacation minutes. Bushnell & Glessner Co. v. Forman, 83 Mo. App. 72; Mitchell v. Williams, 79 Mo. App. 389; Maddox v. Railway, 73 Mo. App. 510; State v. Schuchmann, 133 Mo. 111; Fulkerson v. Murdock, 123 Mo. 292; Dorman v. Cook, 119 Mo. 68. (2) Appellant assigns as error the overruling of his motion for judgment on the mandate of the Court of Appeals. But this court is precluded from considering such motion, for the same, if any is not preserved in the bill of exceptions, nor is the action of the court thereon called to the attention of the trial court in the motion for a new trial. (3) Besides, the case being reversed and remanded went back to the circuit court for new trial. State v. Newkirk, 49 Mo. 472; Hayden v. Grillo's Adm., 42 Mo. App. 1; State v. Railway Co., 57 Mo. 223; State ex rel. v. Chaney, 49 Mo. App. 511; State v. St. Louis 41 Mo. 574; Hurck v. Erskine, 50 Mo. 116; Treadway v. Johnson, 39 Mo. App. 176.

ELLISON, J.—This action is on an account for goods sold by plaintiff to defendants as partners. There was an attachment of property in aid. The property is claimed by interpleader as administrator of Richard Corbin, deceased. The case was here prior to this and will be found reported in 83 Mo. App. 438, to which reference is made for a further statement. It was ruled by us at that time that plaintiff's peremptory instruction declaring that the interpleader could not recover should have been given and the judgment was reversed and the cause remanded. When the cause afterwards came up for hearing in the trial court, plaintiff

filed a motion for judgment, which the court overruled and plaintiff excepted. This motion is not set out in the bill of exceptions, nor is the court's attention called to it in the motion for new trial. It therefore is not properly before us.

It is, however, insisted by plaintiff that the point made was saved by an instruction which was refused. Passing by any question whether a point made on the overruling of such a motion could be saved by an instruction, we will say that when the case was reversed and remanded by us on the former occasion without any direction to the trial court, it did not indicate that we considered that judgment should be rendered without another trial. It indicated more to the contrary; for, ordinarily, remanding a cause is evidence that it should be tried again, and then, if the same condition of case presents itself, the trial court will take such action as may have been ruled to be proper by the appellate court. See authorities in respondent's brief. It is not infrequent that we consider a demurrer ought to have been sustained and yet, from other considerations, such as feeling that the whole case has not been presented, or some matter suggests itself leading us to believe that justice would be better subserved by further investigation, we remand for another trial without directing any certain action by the trial court.

Plaintiff complains that the trial court erred in overruling its motion to quash the deposition of W. D. Corbin. The motion is not set out in the bill of exceptions and no attention was called to it in the motion for new trial. The action of the court, therefore, is not before us.

The only other point made in plaintiff's brief was stated along with the one last disposed of. It is that the court should only have admitted that part of the testimony of J. H. Sloan which did not contradict his testimony given in the former trial. The bill of exceptions does not show what his testimony at the former trial

was, and no attempt seems to have been made to show to the trial court what it was, except the mere statement of counsel. In order to have made such point the record of his former testimony should have been brought into court and incorporated into the record of this trial. As it is, we are not informed whether there was any substance in the objection. If there was, it should have been made to appear, for ordinarily, of course, the fact that a witness subsequently testifies to things inconsistent with prior testimony is no ground for excluding it. It may discredit the witness, but it does not disqualify him.

It seems that there were several extensions of time for filing the bill of exceptions. Two of these were in vacation and are evidenced by vacation entries in the record. These do not show that the judge made the order. There is no written order of the judge and the entry does not purport to be made by him or by his direction. Respondents claim that it could not have been done by the clerk who had no authority. That it is a statutory power vested in the judge and should appear to have been exercised by him. The question is worthy of consideration, but as what we have said disposes of the case we make no decision of the point.

The judgment is affirmed. All concur.