## CASE v. ESPENSCHIED and MISSISSIPPI VALLEY TRUST COMPANY, Appellants.

### Division One, May 24, 1905.

**PRACTICE: Reversal: Retrial: Action at Law: Motion for Judgment.** Where the action is one at law, triable by a jury, in which the court sitting as a jury found as a matter of law, though denominating the finding in a memorandum as one of fact, that "plaintiff never was the owner of the note sued on" in this replevin suit, and the appellate court on appeal held that this conclusion of law was erroneous, there being evidence tending to prove that plaintiff was the owner, and remanded the cause "to be proceeded with in accordance" with the opinion, the trial court, on the receipt of the mandate, is not warranted in sustaining a motion for judgment for plaintiff for possession of the note, etc.; for there has never been a determination of the facts at issue.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferriss,* Judge.

REVERSED AND REMANDED (*with directions*).

*J. M. Holmes* for Espenschied, appellant.

(1) The court below erred in treating the mandate of this court as an absolute instruction to enter a judgment, *non obstante,* for plaintiff. (2) If said mandate is to be so treated, this court erred in the following particulars: (a) It exceeded its constitutional powers and trespasses upon the province of the jury; (b) The decision of this court in the case, upon which the mandate was awarded, was based upon a misconception of the issues involved in the case, and tried in the court below; (c) Upon the face of the record, the decision of this court in the case was for the wrong party; (d) Upon the face of the record, the original decision of the court below should have been affirmed. (3) Upon the face of the record, as now presented, the original decision of the court below should be affirmed.

*Hamilton Grover* for appellant Trust Company.

(1) Replevin can only be maintained for property which was in the possession of the defendant at the time of the institution of the suit, and the burden of proof is upon the plaintiff to show that the property sought to be replevied was in defendants' possession at that time. As far as the Mississippi Valley Trust Company is concerned the plaintiff has utterly failed to prove that the note sought to be replevied was in its possession at the time this suit was instituted. Broadwater v. Darne, 10 Mo. 277; Rogers v. Davis, 21 Mo. App. 150; Penn v. Brashear, 65 Mo. App. 27; Gulath v. Waldstein, 7 Mo. App. 68; Myers v. Lingenfelder & Hudson, 81 Mo. App. 253; Reed v. Mellor, 5 Mo. App. 565. (2) The law is well settled that a safe deposit company is not in possession of the contents of a box in its safe deposit department rented to one of its customers. Gregg v. Hilson, 8 Phila. 91; Bottom v. Clarke, 61 Mass. 487; 19 Harvard Law Review, No. 2, p. 135. (3) (a) In an action at law, where there has

been a verdict on the facts for the defendant below, it is not within the province of the appellate court to enter or to direct to be entered a judgment for the plaintiff without a retrial of the issues. The most that the appellate court will do under those circumstances is to reverse the case with direction to be tried in accordance with its opinion. The burden of proof is always upon the plaintiff, and it must prove its case to the satisfaction of the jury. (b) This court by its opinion and mandate on the first appeal in this case only directed that the case should be reversed and remanded to be tried in accordance with its opinion, and it was error for the circuit court to enter up a judgment for plaintiff on that mandate in face of a prior verdict for the defendant and without a retrial of the issues. (c) The first appeal in this case was not only solely on questions of law. The questions involved were these questions of facts: 1. Was plaintiff entitled to possession of the note? 2. Was defendant in possession of the note at the time of the institution of the suit? 3. What was the value of the note? There has never been any adjudication except upon one point, to-wit, the question as to whether plaintiff was entitled to the possession of the note and that adjudication was on a record not entirely complete. There has never been any finding or adjudication upon the question as to whether defendants were in possession of the note at the time of the institution of the suit, and defendants are entitled to have that question of fact determined by trial. Mulroy v. Knights of Honor, 28 Mo. App. 463.

*Lyon & Swarts* for respondent.

(1) The trial court committed no error in looking to the entire opinion of the Supreme Court, and not simply to the mandatory words with which it concluded. Therefore, under the language of the opinion and the mandate, there was nothing left for the lower court to do but to enter up judgment for plaintiff, especially

when defendants and neither of them suggested to the lower court that they desired to bring new evidence before that court. State ex rel. v. Givan, 75 Mo. 516; Atkinson v. Dixon, 70 Mo. 381; Hurck v. Erskine, 50 Mo. 518; Chouteau v. Allen, 74 Mo. 59; Riley v. Sherwood, 155 Mo. 37; Gamble v. Gibson, 83 Mo. 290; Treadway v. Johnson, 39 Mo. App. 176; West v. Brashear, 14 Pet. 51; Bank v. Radtke, 92 Iowa 207. (2) Where only legal propositions are involved depending on undisputed or conceded facts, and they are decided by an appellate court, the lower court must enter up judgment accordingly. Pitkin v. Rebel, 104 Mo. 513; Johnson v. Treadway, 39 Mo. App. 176; Riley v. Sherwood, 155 Mo. 37; Rhodes v. Farish, 16 Mo. App. 437; Priest v. Lawrence, 16 Mo. App. 409; Lumber Co. v. Hoos, 67 Mo. App. 278; Brown v. Bank, 5 Mo. App. 1; Fire v. Public Schools, 39 Mo. App. 69. (3) The defendants realized the effect of and did try to overcome or modify the effect of the opinion and mandate, and they chose the only proper method of so doing by making timely application to this court. One of their points in their joint motion for rehearing was that ''It (this court) has not only overturned the finding of fact made by the court below, but has ordered the court to render judgment for plaintiff without retrying the case.'' The motion for rehearing was denied and hence this matter is *res judicata*. State ex rel. v. Givan, 75 Mo. 516; Riley v. Sherwood, 155 Mo. 37. (4) Courts of justice are not fields for speculation. There was a full trial, the defendants, answering jointly, did submit and will be presumed to have submitted every issue the pleading raised, and to have made every defense they had. ''Possession'' and ''value'' were issues here presented; plaintiff introduced evidence on both points, and it is too late for defendants now to relitigate those issues or to raise new defenses as between themselves. Wells on Replevin, sec. 381; Fahey v. Gordon, 133 Mo. 414; Johnston v. Johnston, 173 Mo. 91; Coomer v. Gale Co.,

40 Mich. 691; Village of Brooklyn v. Orthwein, 140 Ill. 620; 1 Encyclopedia of Pl. & Pr., p. 860; Bradley v. Gamelle, 7 Minn. 331; Brownfield v. Weicht, 9 Ind. 397; Talbot v. Neagee, 59 Mo. App. 347.

BRACE, P. J.—This is the second appeal in an action of replevin to recover a note for $6,000 and a deed of trust securing the payment thereof. On the former appeal a judgment in favor of the defendants was "reversed and the cause remanded to be proceeded with in accordance" with the opinion delivered therein, which is reported in 169 Mo. 215. The opinion and mandate having been filed in due course in the circuit court, the plaintiff filed the following motion in said cause, to-wit:

"Now comes the plaintiff and moves the court to render judgment herein, under the mandate and opinion of the Supreme Court of the State of Missouri herein, in favor of the plaintiff and against the defendants for the possession of the property described in the petition, or for its value, to-wit, seven thousand dollars, at the election of the plaintiff, and also for one cent damages and costs of suit."

Which motion was sustained and a judgment rendered in favor of the plaintiff as follows, to-wit:

"Mattie A. Case

v.                                   15370a

Fred. F. Espenschied and Mississippi

Valley Trust Company.

"Now at this day the court having duly considered the motion heretofore filed herein, to render judgment on the mandate and opinion of the Supreme Court of Missouri, doth sustain said motion. It is therefore considered and adjudged by the court, that the plaintiff have and recover of the defendants the possession of the personal property described in the petition as follows, to-wit: One promissory note for the sum of six thousand dollars ($6,000) dated September 5, 1895, ex-

ecuted by Benjamin F. Lockhart and payable five years after date, to the order of the plaintiff with interest from date at the rate of six per cent per annum; and also a certain deed of trust dated September 5, 1895, made and executed by Benjamin F. Lockhart and Jennie Lockhart his wife, in which Andrew B. Case is trustee and party of the second part and plaintiff is party of the third part, on a certain tract of land, situated in St. Louis county, Missouri, in U. S. Survey 890, containing seventy-eight and twenty-two one hundredths acres, said deed of trust securing the payment of the aforesaid note, and being recorded on book 82 at page 301, in the office of the recorder of deeds for the said St. Louis county, or at the option of the said plaintiff the value of said property, being the sum of seven thousand dollars, and the further sum of one cent damages, together with her costs and charges herein expended and have execution therefor.''

To this action the defendants excepted, and each in due time filed their motions to set aside the judgment thus entered, which motions having been overruled, they perfected this appeal, in which the only question to be determined is whether the circuit court under the mandate was authorized to render the judgment last aforesaid. There is little room for argument on the question. The action was one at law triable by a jury. While a jury was waived and the case proceeded before the court, sitting both as court and jury, this in no way changed the nature of the case or the essential character of the procedure therein. At the close of all the evidence the court declared the law to be that under the pleadings and the evidence the plaintiff could not recover, and thereupon entered judgment for defendants. The trial of the issues of fact was thus arrested and those issues were not passed upon by the trier of the facts. The ground upon which the trial court refused to submit the issues of fact to the trier of the fact is indicated in a memorandum referred to

in the opinion as a finding of fact, but which was really only a conclusion of law from the evidence, i. e., "that the plaintiff never was the owner of the note." It was this conclusion of law which this court found to be erroneous, and for this error the case was reversed and remanded to the circuit court for trial in accordance with the views expressed in the opinion. With the issue of fact therein this court had nothing to do except to determine whether the evidence tended to prove the issues tendered by the plaintiff. It was not within the province of this court to decide those issues, and when the case was remanded it was that the issues of fact might be correctly tried. It was the only purpose for which the case could have been remanded. Hence when in doing so, we said, "To be proceeded with in accordance with the opinion," it meant, and could only mean, that the trial of the facts was to be had in accordance with the law as declared by the court in the opinion. This court could not in the legitimate exercises of its jurisdiction direct a judgment in the case, and these words in the opinion could not have been intended to have such a meaning and the trial court was not warranted in attributing such a meaning to them. In entering such judgment the circuit court acted entirely without warrant of law, and the case, therefore, will be remanded with directions to that court to set aside the judgment last aforesaid and proceed anew with the trial of the case, in which that court will be governed by the law as laid down in the opinion heretofore filed therein, so far as the same is applicable to the facts that may be developed on such trial.

All concur.