No. 10,418.

THE INDUSTRIAL COMMISSION, ET AL. v. FANGANIELLO.

Decided October 2, 1922.

Proceeding under the workmen's compensation act. Judgment remanding the cause to the Industrial Commission.

*Affirmed.*

1. WORKMEN'S COMPENSATION—*Trial in District Court—Remand to Commission.* On review of a judgment of the district court in a proceeding under the workmen's compensation act, the judgment of the lower court remanding the cause to the industrial commission for further proceedings in accordance with the provisions of section 102, chapter 210, S. L. 1919, upheld.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. VICTOR E. KEYES, attorney general, Mr. JOHN S. FINE, assistant, for plaintiffs in error.

Mr. GEORGE ALLAN SMITH, for defendant in error.

*Department One.*

MR. JUSTICE TELLER delivered the opinion of the court.

THIS writ of error is prosecuted by the Industrial Commission of Colorado to reverse a judgment of the district court of the City and County of Denver in an action brought by the defendant in error to set aside an award made by the Industrial Commission in a case in which Lopa Benedetta claimed compensation as the widow of one John Fanganiello, and the defendant in error, Marie Fanganiello, claimed compensation as the mother of the deceased.

The widow claimed that she was entitled to compensation under section 52, chapter 210, Laws of 1919, which

provides that the wife shall be conclusively presumed to be wholly dependent, unless it be shown that she was voluntarily separated and living apart from her husband at the time of his injury or death, and was not dependent in whole or in part on him for support.

The commission found the fact of the marriage of the claimant and the deceased in Italy, in May, 1913; that immediately following the marriage the husband came to the United States, and remained here until the time of his death in 1918; that he contributed to his wife's support for a period of one year; that in 1917 the widow gave birth to an illegitimate child; and that, from the marriage, it was conclusively presumed that the claimant was wholly dependent upon the decedent. An award of compensation was, therefore, made to her as widow of the decedent.

The trial court held that the findings did not support the award from the fact that in law, in the court's view, the act of adultery on the part of the wife constituted a voluntary separation from the husband. The court therefore remanded the case to The Industrial Commission for further consideration and determination, not contrary to the court's decision. The commission insists that the district court not only remanded the case, but determined it adversely to the widow. We do not so read the record. The finding of the district court is that the cause be remanded to the Industrial Commission. The judge before whom the case was tried explained that the order was made for the purpose of allowing the claimant to present evidence which might show that the finding of adultery was not correct, there being a doubt as to her meaning in one of her statements on the stand. This remand is in accordance with section 102 of the chapter above quoted, and we see no reason why the commission should complain of it. The order of the district court is therefore affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE ALLEN concur.