[Crim. No. 892. Second Appellate District, Division Two.—October 4, 1922.]

## THE PEOPLE, Respondent, v. SIMON PEARSON, Appellant.

[1] CRIMINAL LAW—RAPE—CURTAILMENT OF CROSS-EXAMINATION—APPEAL—RECORD.—On appeal from a judgment of conviction of rape, it cannot be said that the trial court erroneously curtailed the cross-examination of the complaining witness where the record shows that counsel for defendant attempted to make an offer of proof and stated that he desired to cross-examine the witness with reference to her relations with other boys, and the court re-

peatedly informed counsel that no ruling would be made except as questions were asked and objections made thereto, and for all that appears in the record, had the questions contemplated been asked, objections to them doubtless would have been overruled.

[2] ID.—INSTRUCTIONS—EVIDENCE.—In a prosecution for rape the jury is properly instructed that "It is sufficient if you believe beyond a reasonable doubt from all the evidence in the case that the crime charged has been committed."

APPEAL from a judgment of the Superior Court of Los Angeles County. Sidney N. Reeve, Judge. Affirmed.

The facts are stated in the opinion of the court.

Arthur C. Verge, O. V. Willson and J. B. Joujon-Roche for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

CRAIG, J.—Defendant was convicted of rape. The complaining witness, a girl of fifteen years, is a niece of defendant's wife. There is no dispute as to the fact that on the morning of the first day of July, 1921, while the complaining witness was visiting in the home of her aunt and the defendant, the aunt arose early and left the house to go for some coffee. When she left the niece was asleep. The complaining witness testified that when she awoke the defendant was in her bed and that she was wet about her private parts and that afterward they were sore; that she felt the soreness inside the genital organs. Later when she failed to menstruate the services of a physician were secured. Two physicians testified that in their opinion the evidence which they found showed that she had been pregnant; that a miscarriage or abortion had taken place and that the pregnancy lasted from about four to six months. A written statement signed by defendant was introduced in evidence in which he admitted that he had gotten into the bed of the complaining witness while she was asleep and during the absence of his wife from the house. The details of the contents of this writing need not be recited here, but it constituted an admission by the defendant that he attempted

an act of sexual intercourse with the complaining witness and did everything necessary to do this except to accomplish penetration. This admission, with the evidence· of the girl and the physicians, is sufficient to justify the jury in returning a verdict of guilty. It follows that the court was correct in denying the defendant's motion to advise the jury to acquit.

[1] Appellant insists that the trial court erroneously curtailed the cross-examination of the prosecuting witness. From a statement made by counsel for the defendant it appears that he intended to cross-examine concerning any opportunity which the prosecutrix may have had to become pregnant through intercourse with someone other than the defendant. Counsel attempted to make an offer of proof and stated that he desired to cross-examine the witness with reference to her relations with other boys. However, the record shows that the court repeatedly informed counsel that no ruling would be made except as questions were asked and objections made thereto. Near the conclusion of the discussion upon this matter the court said: "I am not going to designate how to try your case. You go ahead and try it and I will rule on the facts as they come. . . . Now, as to any question that you might ask other than the general question, I can't rule on it until your question is asked and then I will rule on it." The court did not sustain an objection to a question the answer to which could directly or inferentially contradict the facts related by the complaining witness. For all that appears in the record, had the questions contemplated been asked, objections to them doubtless would have been overruled.

[2] There was no error in giving the instruction: "It is sufficient if you believe beyond a reasonable doubt from all the evidence in the case that the crime charged has been committed." That that is a correct statement of the law is elementary.

Appellant complains concerning the refusal to give certain other instructions, but from a careful examination of the entire charge to the jury we are satisfied that no error was committed in this regard and that the charge as a whole informed the jury correctly upon all of the points requested, although in somewhat different language from that suggested.

We find no merit in the other allegations of error contained in the appellant's brief.

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 3, 1922.