State of Missouri ex rel. Irwin Goldman, Relator, v. Missouri
    Workmen's Compensation Commission, Respondent.—32 S. W.
    (2d) 142.

St. Louis Court of Appeals.   Opinion filed November 5, 1930.

*Alroy S. Phillips,* for relator.

*Stratton Shartel,* Attorney-General, and *Albert Miller,* Assistant
Attorney-General for respondent.

BENNICK, C.—This is a proceeding in mandamus whereby relator,
Irwin Goldman, seeks to have respondent, Missouri Workmen's Com-
pensation Commission, compelled to certify to the Circuit Court of
the city of St. Louis, without cost to him, all the papers on file in the
matter of his claim for compensation from Goldman-O'Brien-Nassauer
Manufacturing Company, employer, and Employers' Liability Assur-
ance Corporation, insurer, pursuant to an appeal taken by him from
the final award of the commission.

The facts, about which there is no controversy, are that relator sustained an injury to his right hand, said injury having been by accident arising out of and in the course of his employment; that for said injury the insurer provided relator with medical aid, and at various times paid relator on account a total of $531.43; that on March 25, 1929, and within six months from the date of the last of said payments, relator duly filed with the commission his claim for compensation; that said claim was heard before a referee of the commission on September 10, 1929; and that on October 24, 1929, an award was entered in favor of relator, and against the employer and its insurer, allowing to relator the sum of $20 a week for thirty-five weeks, subject to credit for the payments theretofore made to him.

It further appears that on November 8, 1929, relator, with a view to the taking of an appeal from the final award of the commission which he regarded as inadequate, filed with the commission his motion for leave to prosecute his claim and appeal as a poor person; that said motion was heard before one of the commissioners alone, who sustained the same; that on November 13, 1929, relator duly filed with the commission his notice of appeal from said final award to the Circuit Court of the city of St. Louis, and requested the commission, under its certificate, to return to such court all documents and papers on file in the matter, together with the transcript of the evidence, the findings and award, order or decision, as provided in Section 44 of the Act; and that thereafter, on November 21, 1929, the full commission, without a further hearing, and notwithstanding the taking of the appeal to the circuit court, denied relator's motion to sue as a poor person.

The basis of relator's right to the issuance of our writ of mandamus, as the same is to be gathered from his petition therefore which was filed in this court on July 15, 1930, is that under the provisions of Section 44 of the Act, upon the filing by him of his notice of appeal, it was the duty of the commission, under its certificate, to return to the circuit court all documents and papers on file in connection with his claim, together with a transcript of the evidence, the findings and award, so that the same might become the record of the cause; that he had demanded of the commission that it perform its duty as aforesaid, and so return the record of the cause, but that the commission had refused to return said record unless relator pay the commission therefor the fees and charges provided in Section 64 of the Act, amounting, so he pleads, to a large sum of money; that relator is a poor person, and has no money or property with which to pay such charges; and that without the aid of this court through its writ of mandamus, he has no remedy in the premises.

The prayer of the petition was that the commission be required and commanded, without further excuse, refusal, or delay, and without charging and collecting the fees provided in Section 64 of the

Act, to proceed to perform the duty imposed upon it by Section 44 of the Act, and, under its certificate, return to the circuit court all documents and papers on file in the matter of relator's claim.

Contemporaneously with the filing of relator's petition, respondent's motion to dismiss, based upon jurisdictional grounds, was also filed. Thereafter, on September 16, 1930, our alternative writ of mandamus, conforming to the prayer of the petition therefor, was ordered to issue, and the issuance and service of the same was waived. A return was thereupon filed by respondent, followed by the filing of a demurrer and answer thereto on behalf of relator; and with the proceeding thus at issue, it was duly argued and submitted to the court.

The first question for determination, and incidentally one that is earnestly stressed by learned counsel for respondent, both in the motion to dismiss and in the return, is that this court has no original jurisdiction by mandamus to entertain this proceeding; that we have no jurisdiction over the subject-matter of the action, and no jurisdiction over the person of respondent, for the reason that respondent is a department of the state government of the state of Missouri, and as such is a "state officer," within the meaning of Section 12, Art. VI, of the Constitution of Missouri; that being a state officer, respondent is a "party" to this cause of action, within the meaning of Section 12, Art. VI, of the Constitution of Missouri; that this proceeding is a "case," within the meaning of Section 12, Art. VI, of the Constitution of Missouri; and that therefore, jurisdiction both of the subject-matter of the action, and of the person of respondent, is vested exclusively in the Supreme Court.

Suffice it to say, as counsel for respondent are fully aware, that when relator first petitioned this court for the issuance of its writ, we denied the same for doubt as to our jurisdiction. Thereafter the identical petition, designating the identical parties, and praying for the identical relief (so we are informed by counsel), was filed in the Supreme Court; and that court in banc, in an opinion filed, State ex rel. Goldman v. Missouri Workmen's Compensation Commission, 27 S. W. (2d) 1026, held pointedly and definitely that the commission was not a "state officer," as regards the jurisdiction of this court to issue mandamus against the commission because of the contention that a state officer was a party to the proceeding. It follows, therefore, that the point against our jurisdiction must be disallowed, and the motion to dismiss overruled.

Both in the briefs and in the oral presentation of the case, a great deal has been said about the propriety of the filing of the motion for leave to sue as a poor person, after the claim had been determined, though before the taking of the appeal; about the right of one member of the commission to pass upon the motion; and about

the right of the full commission to deny the motion after it had been sustained by one member thereof, and after an appeal had been taken to the circuit court. Interesting as these questions are, we have concluded that they are beside the real issue in the case; and that the determinative test of the propriety of the issuance of our writ lies in the construction of those sections of the act having to do with the duty of the commission upon the taking of an appeal from its award, and the charging and collection of fees.

Section 44 allows to every party to the dispute the right to an appeal to the circuit court upon certain terms and conditions; and as regards the manner in which the appeal shall be taken, and the duty of the commission thereupon, it provides as follows:

"Such appeal may be taken by filing notice of appeal with the commission, whereupon the commission shall under its certificate return to the court all documents and papers on file in the matter, together with a transcript of the evidence, the findings and award, which shall thereupon become the record of the cause."

As we read the portion of the act quoted above, all that need be done by the party desiring to appeal from the award of the commission to the circuit court is to file his notice of appeal with the commission, and there his duty ends. He is not required to file the record in the circuit court, but rather it is the mandatory duty of the commission to do the same, and the statute specifically provides what shall constitute the record of the cause. It is made up of "all documents and papers on file in the matter, together with a transcript of the evidence, the findings and award," such papers, transcript, and record entries having been authorized by preceding sections of the Act. Clearly it is the *original* papers which are called for in this connection, and not *copies*, and we do not understand that counsel for respondent controvert this conclusion. While to our knowledge the particular point has not been heretofore squarely decided, it was the thought of the court in Brocco v. May Department Stores Co. (Mo. App), 22 S. W. (2d) 832, as a reading of that opinion will disclose.

However, the commission predicates its right to refuse to return the record to the circuit court until certain charges are paid, upon Section 64 of the Act, which reads as follows:

"The commission shall charge and collect the following fees, to be paid at least once each month into the state treasury to the credit of the fund for the support of the Missouri Workmen's Compensation Commission, for copies of papers and records not required to be certified or otherwise authenticated by the commission, ten cents for each one hundred words and figures; for certified copies of official documents, awards or other records, fifteen cents for each one hundred words and figures, and one dollar for every certificate under seal affixed thereto; for each certified copy of annual report of the

commission, one dollar and fifty cents; for copies of evidence and proceedings, fifteen cents for each one hundred words and figures; also all other fees and charges allowed or required to be collected under this act or any other law. The commission shall also fix and collect from the employer the reasonable expense of any investigation necessary to determine his ability to carry his own insurance. No fees shall be charged or collected for copies of papers, records, or official documents furnished to public officers for use in their official capacity, or for annual reports or other matters, published by the commission, in the ordinary course of distribution, but the commission may fix reasonable charges for publications issued under its authority.''

Thus we find that the commission may lawfully charge (1) for *copies* of papers and records not required to be certified or otherwise authenticated by the commission; (2) for certified *copies* of official documents, awards, or other records, and for every certificate under seal affixed thereto; and (3) for *copies* of evidence and proceedings. Other charges provided for in the section are so foreign to the issues involved in this proceeding that they need receive no mention.

Obviously the record of the cause which relator seeks to have sent up for the purposes of his appeal does not fall within the first of the above classifications, for the record of the cause must be certified to the circuit court of the commission, while the first classification refers only to documents not required to be certified. Then too, the record of the cause for the purposes of an appeal calls for the *original* papers, as we have heretofore observed, while such classification calls merely for *copies*. Nor may it fall within the third classification, for it also refers to *copies* of evidence and proceedings.

In fact, counsel for respondent seem to agree with us thus far in our reading of the statute, but they argue that the record which the commission must return falls within the second classification, namely, certified copies of official documents, awards, or other records; and that in any event the portion of Section 64 is apropos which calls for a charge ''for every certificate under seal affixed thereto.'' In answer to this suggestion, we need only refer to the fact that such second classification also calls for *copies* of the documents rather than the *original* papers, thus differentiating the documents referred to therein from the record of the cause provided for in Section 44; and, furthermore, that the certificate under seal for which a charge may be exacted is a certificate ''affixed thereto,'' that is, to the *copies* which for any reason require certification.

Consequently, we cannot escape the conclusion that Section 64 does not support respondent in its refusal to return the record of the cause to the circuit court until the costs thereof are paid by relator. Conceding that costs are entailed in the preparation of such record, the

Legislature has arranged for their payment, first, by Section 52, which provides that all costs under the Act shall be approved by the commission, and paid out of the state treasury from the fund for the support of the commission, unless the commission shall find, which it did not do in this case, that the proceeding has been brought or defended without reasonable ground, in which event it may assess the whole cost against the offending party; and, second, by Section 62, of similar purport, which provides that all salaries, expenses, and costs under the Act shall be paid monthly out of the state treasury from the fund for the support of the commission.

It appears to us that the Legislature has expressed its intention in the matter under discussion very clearly, but if we entertained a doubt about the purpose it had in mind, we would be strongly impressed by the fact that the Act was primarily designed to aid the poor and unfortunate; to make compensation easy rather than difficult; and to afford a speedy remedy to a class of persons who, in many instances at least, at the very moment they are subjecting themselves to the jurisdiction of the commission, are injured, and unable to continue as wage earners.

Undoubtedly the Legislature did not intend to exempt a claimant from the payment of any and all costs, else the provision that he might be permitted to prosecute his claim as a poor person would have been a vain and futile one. However, it did not provide for the charging and collection of fees for the record of the cause to be sent up on appeal to the circuit court, but in its wisdom saw fit to make it the mandatory duty of the commission to return the original papers on file. Of course the employer and the insurer share equally with the claimant in the benefit of this conclusion, but that fact in nowise detracts from the soundness of the provision.

Accordingly, the Commissioner recommends that the motion to dismiss be overruled, and that the alternative writ of mandamus heretofore issued be made permanent.

PER CURIAM.:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. The motion to dismiss is, accordingly, overruled, and the alternative writ of mandamus made permanent. *Haid, P. J.,* and *Becker* and *Nipper, JJ.,* concur.