D. L. Wadley, Respondent, v. Employers Liability Assurance Corporation, Appellant.*—37 S. W. (2d) 665.

Kansas City Court of Appeals. Opinion filed April 6, 1931.

*Frank Wilkinson* and *Raleigh Gough* for respondent.

*Hackney & Welch* for appellant.

BOYER, C.—This proceeding originated before the Workmen's Compensation Commission. The claim was filed April 25, 1929. It gives the name of the employer as the Kansas City-Godman Shoe Company and shows that claimant was injured September 18, 1928, in the State of Oklahoma, and as a result of said injury lost his right eye. On May 1, 1929, the named employer filed its answer in which all statements in the claim for compensation are admitted. Thereafter and on May 11, 1929, the insurer, appellant here, filed another answer in which the name of the employer is given as the H. C. Godman Company, Columbus, Ohio; that the answering insurer is the insurer of the Kansas City-Godman Shoe Company, Kansas City, Missouri, and that all statements in the claim are admitted except the following:

"The insurer denies that a claimant was employed by Kansas City-Godman Shoe Company, asserting he was an employee of the H. C. Godman Company of Columbus, Ohio, an Ohio corporation; that his contract of the employment was not entered into in Missouri, that the accident occurred in Oklahoma and that Missouri Workmen's Compensation Commission has no jurisdiction.

"The insurer asserts that no proceedings for compensation under Missouri .Workmen's Compensation Law can be maintained as claimant did not file claim with Missouri Workmen's Compensation Commission within six months after the injury, as provided in said law."

After the answer of the insurer was received the commission notified all parties of the claim made by the insurer that the contract of employment was not entered into in Missouri, and requested facts as to where said contract was made. The Kansas City-Godman Shoe Company answered this letter to the effect that the insurance company made the claim about the place of the contract because Wadley formerly worked for the H. C. Godman Company at Columbus, Ohio, and was later transferred .to the Kansas City Company September 1, 1928; that the Ohio Company had informed the Kansas City Company that Wadley was actually hired in St. Louis, Missouri, about April 1, 1928, to travel for that company. The Kansas City-Godman Shoe Company further stated to the commission that Wadley reported to its office for work about September 1, 1928, and after that date his salary and traveling expenses were paid by it, and the letter concludes:

"There was no question on the part of either this company or Mr. Wadley as to who he was working for after September 1, 1928, as he carried our samples and reported to this office for instructions. In view of the fact that our insurance company insisted that Mr. Wadley was working under an Ohio contract we had him file his claim with the Ohio Industrial Commission. We also furnished the Ohio Commission with all details regarding the case and they naturally rejected the claim for want of jurisdiction.

"We trust this additional information will enable you to give the claim proper consideration."

Thereafter the commission again wrote all parties informing them of the receipt of the employer's letter and stated:

"Therefore it appears that this case is under our jurisdiction so far as the law of place is concerned."

There was a suggestion that the parties agree upon a place of hearing and that the case would be set for hearing at the Kansas .City office unless otherwise advised. Thereafter one of the members of the commission heard evidence and made an award November 22, 1929, in favor of the employer and insurer and against the employee and awarded no compensation because the employee failed to file his claim within six months. Thereafter on review the full commission affirmed the award. There was no findings of fact or rulings of law made by the commissioner or by the commission. The whole contents of the final award as shown by the record in this case consist of the number of the accident claim, the

name of the employee, employer, insurer, date and place of the accident, that it was submitted on review November 26, 1929, and the following recital:

"The above parties having submitted their disagreement or claim for compensation for the above accident to the undersigned members of the Missouri Workmen's Compensation Commission and after hearing the parties at issue, their representatives, witnesses and evidence, the undersigned hereby find in favor of the above employer and insurer and against the above employee and award no compensation for the above accident.

"For the reason that employee failed to file his claim for compensation within the six-month period as provided in section 39 of the act.

"Affirming on review award dated November 22, 1929. Given at the City of Jefferson, State of Missouri, this 17th day of February 1930."

The award was signed by three members of the commission and by the secretary. Claimant appealed to the circuit court of Jackson county, and after a hearing duly held the court reversed the award of the commission and remanded the cause for further hearing, as evidenced by the following portions of the record entry of the judgment:

"Now, therefore, the court finds that the admitted failure of the defendants, the Kansas City-Godman Shoe Company, employer, and the Employers' Liability Assurance Corporation, the insurance carrier herein, to notify the Missouri Workmen's Compensation Commission of the accident herein, as required by section 34 of the Missouri Workmen's Compensation Act (Laws 1927, page 509), was an 'improper act' within Revised Statutes 1919, section 1334, and hence tolled the running of the six months statute of limitations, as set out in section 39 of the Compensation Act; and this court therefore holds that the filing of the claim for compensation by D. L. Wadley, claimant in this cause, was timely under the provisions of section 39 of the Compensation Act.

"This court further finds that in its judgment the Missouri Workmen's Compensation Act contemplates findings of fact and rulings of law on the part of the commission, and that in this cause the commission did not make such findings of fact and rulings of law as contemplated by the act.

"This court therefore finds that in the rendition of the decision or award of the commission in this cause the commission acted without or in excess of its powers; that the facts found by the commission do not support the decision or award and that there was not sufficient competent evidence in the record to warrant the making of the decision or the award.

"Wherefore, it is ordered and adjudged, that this cause be re-manded to the Missouri Workmen's Compensation Commission for rehearing in accordance with the findings and orders of this court, and for such other proceedings as may be proper under the provisions of the Missouri Workmen's Compensation Act (Laws of Missouri 1927, pages 490-525)."

The employer did not appeal from this judgment. The insurer alone appeals and confines the assignments of error to the sole question of territorial jurisdiction. No assault is made upon the correctness of the finding and ruling of the court which constitute the basis of the judgment actually rendered. Therefore it may be assumed that appellant has waived and abandoned all objection to the finding and judgment that the claim was filed in time and that the commission should make findings of fact and rulings of law, and that these questions are not here for review on this appeal. The ruling of the court that the conduct of the employer and the insurer in failing to notify the commission of the accident tolled the running of the statute of limitations may be right (Schrabauer v. Schneider Engraving Product, Inc., 25 S. W. (2d) 529) or it may be wrong (Wheeler v. Mo. Pac. R. Co., 33 S. W. (2d) 179, 183), depending upon the finding of facts necessary to toll the statute. What the law is upon the subject is to be determined upon the transfer of the latter case to the Supreme Court. But this point is not involved in the appeal and we are not called upon to express an opinion. The judgment in a civil case will not be declared erroneous for reasons other than the ones assigned on appeal. [Hiemenz v. Harper, 275 Mo. 275 Mo. 380, 383; State ex rel. v. Drainage District, 269 Mo. 1. c. 455; Zahm v. Royal Fraternal Union, 154 Mo. App. 70, 85.]

The position of the insurer in this appeal may be stated briefly in the words of its counsel, viz:

"It is the contention of the appellant that the respondent's con-tract of employment by the Kansas City Company was not entered into in the State of Missouri, and that, therefore, the provisions of section 12 (b) of the Compensation Act do not apply, and that the commission had no jurisdiction over the claim."

It is insisted that the evidence affirmatively shows that the con-tract of employment was not made in the State of Missouri, but was made in the State of Oklahoma, and the accident having occurred in the State of Oklahoma, the trial court erred in refusing to hold that the Compensation Act did not apply. Appellant's contention in the trial court was presented by a series of requested instructions. A and B were based upon the assumption that the contract was not made in the State of Missouri, and instructions C, D, and E were to the effect that the tentative ruling of the commission that it had

jurisdiction, and the assumption of jurisdiction by the commission, was not binding on the court and did not preclude the court from considering the evidence in determining where the contract of employment was actually made. The declarations requested were properly denied.

To aid a clearer understanding of appellant's contention, and to show that its position is untenable, a brief reference to the evidence is all that is necessary. Appellant insists that the facts regarding the employment are undisputed. We do not so find them. The pertinent question is when and where claimant was employed by the Kansas City Company. The Kansas City-Godman Shoe Company was organized as a Missouri corporation in August, 1928; prior to that time and on April 1, 1928, claimant entered into a contract of emploment in St. Louis, Missouri, with the H. C. Godman Shoe Company, an Ohio corporation, to represent it as a traveling shoe salesman in parts of Oklahoma and Arkansas. Later the Ohio company decided to change its method of distribution, in pursuance of which it caused to be organized various companies in other states among which was the Kansas City-Godman Shoe Company. The Ohio company then informed claimant of its plans and that it was transferring a number of its present sales force to the distributing house plan of selling, and that under the rearrangement claimant would work out of the Kansas City branch and report to its manager at Kansas City, and that said manager would notify him of the definite date for a post-season sales meeting to be held at Kansas City. This letter was received by claimant in Oklahoma about August 19, and claimant ceased work at that time. He advised the manager of the Kansas City company of his address and was later notified to report at Kansas City, which he did on September 1, 1928. The manager of the Kansas City company testified:

"The Kansas City-Godman Shoe Company employed Wadley September 1, 1928. Since that time his salary has been paid by the company and he reports to the company."

The claimant returned his samples and equipment to Columbus, acknowledged his instructions to report to the Kansas City branch for duty, and the evidence tends to show that his agreement with the Ohio company was terminated when he returned his samples and made a settlement of his expense fund. It was the intention of the Kansas City company to employ him and his intention to work for it. The Kansas City company gave him $150 expense money, took his note for same, and furnished him with samples, price lists, and stationery and thereafter paid him his expense and salary. The claimant received all of his instructions from the Kansas City company and sent all of his orders to it. He reported his accident to the Kansas City company. The employer, Kansas City-Godman

Shoe Company, applied to the insurer for coverage of all of its employees including this claimant, and the premium charge for the insurance was based upon the payroll of the Kansas City company which included the compensation to claimant. This insurance was obtained by the Kansas City company on its own initiative and in its own corporate name and wholly independent of the H. C. Godman Company of Ohio. The insurer sent its bill for the insurance to the Kansas City-Godman Shoe Company. The other evidence pertains mainly to the cause of the delay filing of a claim by the injured employee with the commission.

It is the contention of appellant that when claimant received notice in Oklahoma of his transfer to the Kansas City company that he then accepted said transfer and that said acceptance in Oklahoma characterized his employment thereafter as an Oklahoma contract and determined its status as to place. Enough of the evidence has been recited to show, or at least justify the inference and finding, that claimant entered into a new contract in Kansas City with the Missouri corporation on September 1st, under which he was employed' at the time of his injury. In any event the question of territorial jurisdiction of the Missouri commission, which is raised by appellant, is made to depend upon a question of fact as to the place of claimant's contract of employment, and this question, like any other question of fact in a case of this character, must be determined by the commission, and its finding thereon is conclusive and binding. While there are no findings of fact or rulings of law made by the commission upon this subject, it did assume jurisdiction of the case after obtaining the information requested and proceeded to make its award.

In reference to the ruling of the commission as to jurisdiction, appellant contends that it was merely temporary and did not preclude the court from determining the question of jurisdiction from the evidence, and that the court below should have modified the award by finding that the contract of employment was not made in Missouri and that the accident having occurred in the State of Oklahoma, the Workmen's Compensation Act did not apply. Obviously, and for the reasons above stated, this contention cannot be maintained because the question of jurisdiction from appellant's standpoint rests upon a question of fact to be determined from the evidence. If the evidence does not show conclusively a Missouri contract, the most that can be gathered from it favorable to appellant would merely raise a conflict in the evidence upon the subject. The circuit court had no power to determine controverted questions of fact of any character, and if the point of jurisdiction is really in the case, as appellant contends, the order of the circuit court remanding the case to the commission for findings of fact would seem

to be eminently proper. That the circuit court on review, and in the absence of fraud, cannot pass upon questions of fact is beyond the realm of doubt. [Sec. 44, Laws 1927, p. 512; Wheat v. Whitney & Son et al., 34 S. W. (2d) 158, 160, and cases cited.] The judgment is not erroneous for any of the reasons assigned and should be affirmed. The Commissioner so recommends. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of BOYER, C., is adopted as the opinion of the court. The judgment is affirmed. All concur, except *Trimble, P. J.,* absent.