CATHERINE BROCCO, WIDOW OF JOHN BROCCO, DECEASED, RESPONDENT, v. MAY DEPARTMENT STORES COMPANY, A CORPORATION (EMPLOYER), AND OCEAN ACCIDENT & GUARANTY COMPANY (INSURER), APPELLANTS.—55 S. W. (2d) 322.

St. Louis Court of Appeals. Opinion filed December 20, 1932.

*Jones, Hocker, Sullivan & Gladney* and *Willard A. McCaleb* for appellants.

*Foristel, Mudd, Blair & Habenicht* for respondent.

BENNICK, C.—This is an appeal by the employer and insurer from the judgment of the Circuit Court of the City of St. Louis, affirming a final award of the Workmen's Compensation Commission. The parties are Catherine Brocco, the dependent widow of John Brocco, the deceased employee; May Department Stores Company, a corporation, the employer; and Ocean Accident & Guarantee Corporation, a corporation, the insurer.

This is the second appeal in the case, our first decision being reported in Brocco v. May Department Stores Company (Mo. App.), 22 S. W. (2d) 832. A kindred decision is that of the Supreme Court in State ex rel. May Department Stores Company v. Haid, 327 Mo. 567, 38 S. W. (2d) 44. Those decisions turned upon the question of the procedure to be followed in the circuit court looking to the timely perfection of an appeal from its judgment to an appellate court proper in a workmen's compensation case, and have no direct bearing upon the issue now before the court for determination. However, they are of more than the usual interest, not only for the purpose of showing the course which this particular case has run, but also for the part they have played in shaping the court procedure contemplated by the act.

Claim for the death benefit was filed with the commission on July 2, 1927, the claim alleging that the death of the employee, on May 25, 1927, was by accident arising out of and in the course of his employment, resulting from the inhalation of ammonia fumes while he was engaged in repairing a refrigerating system.

An answer was filed by the employer and insurer on July 8, 1927, denying generally each and every allegation made in the claim for compensation, and setting up specifically by way of defense that the death of the deceased was from natural causes, and not from injury.

With the issues thus joined, a hearing was had before Commissioner Phillips on July 29, 1927; and on August 18, 1927, he entered his award, the same being in favor of the claimant, and against the employer and insurer. In connection with the rendition of his award he made the specific finding that the death was by accident arising out of and in the course of the deceased's employment.

. Thereafter an application for a review by the full commission was filed by the employer and insurer; and the parties were notified to appear before the commission on October 28, 1927, with such additional evidence as they might desire to offer. On the date stated, a second hearing was had; much additional testimony was taken; and on March 7, 1928, a final award was entered, setting aside and vacat-

ing the previous award, and finding in favor of the employer and insurer, and against the claimant. The basis of the award was the finding that the deceased had not sustained an accidental injury arising out of and in the course of his employment which contributed to or caused his death; and from such award Commissioner Phillips dissented.

In due course an appeal was taken by the claimant to the circuit court, wherein, on October 4, 1928, the award of the commission was reversed upon the grounds that the facts found by the commission did not support the award and that there was not sufficient competent evidence in the record to warrant the making of the award. The judgment of the court, in so far as it purported to direct the further progress of the case, was as follows:

"Wherefore, it is considered, adjudged, and decreed that the said award of the Missouri Workmen's Compensation Commission be and is hereby reversed, and the proceeding remanded to said Missouri Workmen's Compensation Commission for further proceedings and award not inconsistent with this decision and judgment . . ."

Then followed the former appeal of the employer and insurer to this court, and the mandamus proceeding in the Supreme Court, the ultimate result of all of which was to leave the judgment of the circuit court standing as if no appeal had been attempted to be taken from it.

So much for the history of the case antedating the time of its actual remand from the circuit court to the commission "for further proceedings and award not inconsistent with this (the circuit court's) decision and judgment."

Now when the case reached the commission for the further proceedings contemplated by the mandate of the circuit court, no notice was given the parties of the commission's intention to make a new award, and no further hearing was had; but on October 20, 1931, the commission, evidently using the evidence already taken as the basis for its evidentiary findings, entered its award, finding in favor of the claimant, and against the employer and insurer. Counsel for the claimant will question the propriety of our saying that no notice was given the parties of the commission's intention to enter an award and that no further hearing was had, but we are nevertheless stating the actual facts as they appear from the record of the cause, as we shall presently show. What counsel for the claimant are urging upon us as conclusive upon the question of what transpired are the apparently contrary recitals in the award itself (which is only a part of the entire record of the cause), to the following effect:

"The above parties having submitted their disagreement or claim for compensation for the death of the above employee to the undersigned members of the Missouri Workmen's Compensation Commission, and after hearing the parties at issue, their representative, witnesses, and evidence, the undersigned hereby find and award com-

pensation for said accident in favor of the following dependents of said employee and against the said employer and insurer . . ."

The commission allowed the claimant compensation in the total sum of $6,271; and among its statements of fact and rulings of law recited that "this award is issued as per the opinion of the Circuit Court of the City of St. Louis."

Following the entry of such award, the employer and insurer, on October 28, 1931, filed their application for a review of the same upon the grounds, among others, that in making such award without notice and without a hearing upon the issues involved, the commission had acted without and in excess of its powers, and had misconceived and violated the terms of the mandate of the circuit court remanding the cause to the commission "for further proceedings and award not inconsistent with this (the circuit court's) decision and judgment." Likewise, on the same date, the employer and insurer filed their motion to set aside the final award on remand, based their motion upon the same grounds as were set up in their application for a review.

On October 30, 1931, the commission denied both the application for a review and the motion to set aside the award, its order taking the form of a letter addressed to all the parties. The application for a review was denied upon the ground that the award had been made by the full commission rather than by a single commissioner, and the basis of that ruling is at least not questioned. It is the ruling upon the motion to set aside the award which is now of most importance as disclosing not only what actually transpired before the commission following the remand of the cause to it, but also the interpretation it placed upon the language used in the mandate of the circuit court. The ruling in question was as follows:

"As to the motion to set aside the award, the commission does not believe that their action was contrary to law and to the decision and decree of the circuit court. In the decision of the circuit court it found '(1) that the facts found by the commission do not support the award,' and further found '(2) that there is not sufficient competent evidence in the record to warrant the making of the award.' We construe this to mean in effect that the award as made was in error, and under the evidence an award should have been made in favor of the claimant. Therefore, when the court reversed our award and remanded the proceeding to this commission 'for further proceedings and award not inconsistent with this decision and judgment,' it was the duty of this commission to enter an award in accordance with said decision and judgment, and the parties did not have a right to have the case heard *de novo* or to present any additional testimony. Furthermore, under our interpretation of the law and of the decision of the circuit court, it was not necessary for the commission to notify the parties of their intention to make said award.

"Therefore, this is to notify all parties that the motion of employer and insurer to set aside final award on remand is hereby denied."

Thereafter the employer and insurer filed their notice of an appeal to the circuit court; and in due course the commission prepared and sent up its certificate on appeal, wherein it was certified "that hereto attached are all the documents and papers on file in the matter, together with a transcript of the evidence, the findings and award, and the same are herewith returned to the court as provided by law." We quote the above language as showing, under the official seal of the commission, that what we have heretofore stated as being the actual facts of the proceedings following the remand of the case to the commission do appear from the face of the record of the cause.

On February 23, 1932, the circuit court entered its judgment, affirming the award of the commission; and it is from such judgment that the employer and insurer have perfected the present appeal to this court.

Now upon the assumption that the commission did not give the parties notice of its intention to enter up an award or afford them the opportunity for a further hearing, appellants argue that the commission in thus summarily entering its award acted without and in excess of its powers, and that the circuit court therefore erred in affirming the award. However, we need not proceed upon the basis of any assumption, for there is no gainsaying the fact that no further hearing was had. Section 3339, Revised Statutes 1929 (12 Mo. St. Ann., sec. 3339, p. 8272), requires that all evidence introduced at any hearing before the commission shall be reported by a stenographer; and section 3342, Revised Statutes 1929 (12 Mo. St. Ann., sec. 3342, p. 8275), provides that when an appeal is taken from an award of the commission, the latter "shall under its certificate return to the court all the documents and papers on file in the matter, together with a transcript of the evidence, the findings and award, which shall thereupon become the record of the cause." Consequently each and every part of the files of the commission so referred to is a part of the record which the act itself requires to be enrolled and preserved for review, and is equally available to the court on appeal along with any other part of the record to determine what actually transpired before the commission. [State ex rel. May Department Stores Co. v. Haid, supra; Higgins v. Heine Boiler Co., 328 Mo. 493, 41 S. W. (2d) 565; Waterman v. Chicago Bridge & Iron Works, 328 Mo. 688, 41 S. W. (2d) 575; State ex rel. Goldman v. Missouri Workmen's Compensation Commission, 225 Mo. App. 59, 32 S. W. (2d) 142.]

In this instance we have the official certification of the commission that what has been sent up on this appeal as the record of the cause embraces all matters called for by the statute; and therefore, importing verity as it does, we cannot assume that anything occurred that is not included within the scope of the record so certified. [Higgins

v. Heine Boiler Co., supra.] But when we look to the record, we find no evidence taken after the remand, but only the transcript of the evidence taken prior to the rendition of the former award, which must be the evidence referred to by the commission in its record entries; and we further find the positive statement of the commission that no notice was given the parties of its intention to make the award, and no opportunity afforded them to be heard *de novo* or to present additional testimony. Therefore, we conclude upon the whole record as presented to us that no opportunity for a second hearing was afforded, and no such hearing had; and consequently, the decisive question in the case is whether the commission, in so proceeding in response to the mandate of the circuit court, must be said to have acted without and in excess of its powers.

The general subject of what an inferior tribunal may and must do upon the remand of a case to it from a superior court is by no means a new one in this jurisdiction. If the appellate court remands the case with specific directions to the trial court to enter a specific judgment or to pursue a certain course, the trial court has no discretion but to act accordingly. It is said that the mandate is in the nature of a special power of attorney; and that the trial court, upon its receipt, is without the power to enter any other judgment or to consider and determine any other matter than what is necessarily included in the duty of following the directions given.

But of course such general considerations apply only in the event the case is remanded with directions; and if there is a simple reversal and remanding, then the limitation upon the power of the court does not obtain. Under such circumstances the pleadings may be amended, new parties may be brought in, and the case tried anew, save only that the decision of the appellate court is the law of the case upon the second trial. The very purpose of remanding the case is that the issues of fact may be correctly tried, and if the identical condition of the case presents itself as on the former trial, then the trial court will take such action as may have been theretofore ruled to be proper by the appellate court. A simple order remanding a case without directions is no indication that judgment should at once be entered, since the court, in the legitimate exercise of its jurisdiction, could not direct a judgment upon contested issues of fact, but rather such an order is evidence that the case should be tried again in the light of the knowledge and experience gained both by the court and by the parties in the interval.

Now with the distinction in mind between the power of the trial court when the case is remanded with directions and when it is remanded generally, it becomes important to determine into what category a case falls when it is remanded, as is often done, for further proceedings consistent with, or not inconsistent with, or in accordance with, the opinion of the appellate court or the views ex-

pressed therein. Such an order is after all no more than a simple reversal and remanding. It adds nothing to the judgment of the appellate court which would not have been necessarily implied in the absence of such language, for every case which is remanded is remanded for further proceedings in accordance with the opinion of the appellate court. Words of that character do not import a direction to the trial court to do a specific thing or to pursue a specific course as in the case of a remand with definite directions, and therefore when they are used, the remanding order nevertheless stands exactly as would have been the situation if all such language had been omitted.

Ample authority for all of the above will be found in such well considered cases as Murphy v. Barron, 286 Mo. 390, 228 S. W. 492; Case v. Espenschied, 188 Mo. 725, 87 S. W. 987; Wilcox v. Phillips, 260 Mo. 664, 169 S. W. 55; Sheppard v. Wagner, 240 Mo. 409, 442, 144 S. W. 394, 145 S. W. 420; Barber v. Hartford Life Insurance Co., 279 Mo. 316, 214 S. W. 207; and Rock Island Implement Co. v. Corbin, 98 Mo. App. 489, 72 S. W. 728.

In this instance, as we have heretofore pointed out, the award of the commission was reversed and the cause remanded "for further proceedings and award not inconsistent with this (the circuit court's) decision and judgment." As in the case of ordinary appellate practice, the quoted words added nothing to the force and effect of the circuit court's judgment, and the judgment reversing and remanding the case was therefore to be interpreted as a simple reversing and remanding, and to be construed in the light of the act itself, which in section 3342, Revised Statutes 1929 (12 Mo. St. Ann., sec. 3342, p. 8275), deals with the question of the power of the court on appeal.

The act itself provides that if the court remands, it shall be for rehearing, and the commission was not warranted in attributing a meaning to the judgment of the circuit court which it would have been powerless to have entered. In other words, the circuit court was acting only as a court of review; its power of review was expressly limited to questions of law; and it would have been powerless to have made a finding of fact, or to have directed an award for either party, where the facts were not conceded so as to have raised nothing but a question of law. [State ex rel. May Department Stores Co. v. Haid, supra; Hammack v. West Plains Lumber Co., 224 Mo. App. 570, 30 S. W. (2d) 650; Wadley v. Employers' Liability Assurance Corporation, 225 Mo. App. 631, 37 S. W. (2d) 665; Jones v. Century Coal Co. (Mo. App.), 46 S. W. (2d) 196.]

What the judgment of the circuit court meant was that upon the record as it stood the facts found by the commission did not support the award, and that there was not sufficient competent evidence in the record to have warranted the making of the award. Whether or not the circuit court was correct in its decision is not now in issue,

and could have been determined only by a timely appeal from its judgment. In remanding the case generally, it did so for a rehearing as provided by the statute, which left the case pending as though it had never been heard by the commission, save that if upon the second hearing the facts were the same as upon the first, then the commission would be governed in making its award by the conclusions of the circuit court in its judgment and decision. And not only did the remanding order call for a rehearing, and for the case to be retried as though it had never before been heard, but the commission was further required to "notify the parties at issue of the time and place of such hearing" as provided by section 3338, Revised Statutes 1929 (12 Mo. St. Ann., sec. 3338, p. 8271). However, it did neither; and in so proceeding, regardless of the undoubted high character of its motives, it acted without and in excess of its powers.

But counsel for the claimant suggest that the reversal was of the final award of the full commission, and that when the case went back, its status was upon the application for a review by the full commission of the award of the single commissioner. In other words, they argue in effect that the rehearing was to have been upon the action of the full commission, and not upon the claim in its entirety, and that in such a situation, under the provisions of section 3341, Revised Statutes 1929 (12 Mo. St. Ann., sec. 3341, p. 8274), the full commission in reviewing the award of the single commissioner was not required to hear the parties unless it deemed such a hearing advisable. Of course it necessarily was the final award which was reversed (State ex rel. Kenney v. Missouri Workmen's Compensation Commission, 225 Mo. App. 501, 40 S. W. (2d) 503), but that award depended upon the evidence, and when the case was remanded generally, it was re-opened for the taking of the evidence anew, and for the introduction of additional evidence, if the parties so desired. Though a review by the full commission is a necessary prerequisite to the right of appeal to the circuit court, the court on appeal has before it and acts upon the entire proceeding or record of the cause before the commission, and its judgment affects such entire proceeding.

Of course we do not mean to be understood as holding that in every case a rehearing of each and every issue is required. In this particular case it happened that the employer and insurer had denied each and every allegation made in the claim for compensation. In the usual case this is not the situation. Often many facts essential to the prosecution of the claim in the first instance are conceded or admitted, and the employer and insurer contest only certain features of the case. When such is the situation, and the award is to be reversed and the cause remanded, the appellate court should be very specific in its mandate as to the purpose of the remand and the scope to be taken in the rehearing. But if the case is one where the facts are not conceded, and where new issues may be framed, new defenses interposed,

and new evidence adduced, then as a matter of right the claim is to be heard *de novo,* the parties not consenting to the immediate entry of an award, and the judgment or opinion of the appellate court will serve only as the law of the case in so far as the facts in evidence conform to those adduced at the former hearing.

The procedure in this sort of litigation is largely statutory, and therefore cases from other jurisdictions are not greatly helpful to us in the solution of our own problems. However, it does appear that in states whose acts are essentially like our own, when the case is remanded, it is sent back for the taking of evidence where the situation is similar to that existing in the case at bar. [Travelers' Insurance Co. v. Lay, 39 Ga. App. 273, 146 S. E. 641; Varbnoff v. Mesta Machine Co., 286 Pa. 199, 133 Atl. 256; Associated Employers' R. & M. V. B. Co. v. Industrial Commission, 88 Okla. 80, 211 Pac. 491; Industrial Commission v. Fanganiello, 72 Colo. 140, 209 Pac. 803; California Casualty Indemnity Exchange v. Industrial Accident Commission, 190 Cal. 433, 213 Pac. 257; Peabody Coal Co. v. Industrial Commission, 289 Ill. 330, 124 N. E. 603; In re Doherty, 222 Mass. 98, 109 N. E. 887; Inland Steel Co. v. Lambert, 66 Ind. App. 246, 118 N. E. 162; Shuler v. Midvalley Coal Co., 296 Pa. 503, 146 Atl. 146; Kuca v. Lehigh Valley Coal Co., 268 Pa. 163, 110 Atl. 731; Vincent v. Taylor Bros., 180 App. Div. 818, 168 N. Y. S. 287; United States Fidelity & Guaranty Co. v. Washington, 37 Ga. App. 140, 139 S. E. 359.]

It follows that the judgment of the circuit court should be reversed and the cause remanded with directions that a new judgment be entered, reversing the award of the commission and remanding the cause for rehearing. The Commissioner so recommends.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. The judgment of the circuit court is, accordingly, reversed and the cause remanded in accordance with the recommendations of the Commissioner. *Haid, P. J.,* and *Becker* and *Daues, JJ.,* concur.