19091. TRAVELERS INSURANCE COMPANY *et al. v.* LAY.

JENKINS, P. J. 1. Section 28 of the workmen's compensation act provides that "the employer, or the industrial commission, shall have the right in any case of death to require an autopsy at the expense of the party requesting the same." It is unnecessary in the instant case to decide

whether the refusal by the claimant wife to permit such an autopsy would, ipso facto and in all cases, preclude the right to compensation and authorize the dismissal of a claim therefor, and, if not, whether the quoted provision of the statute would have such effect in a case where the demand for the autopsy had not been made until about a month after the decedent had been buried, since it appears in this case that the employer, on making such demand under the quoted provision, was enjoined from proceeding with the autopsy, which judgment of the superior court, adjudicating that the employer was not entitled, under the statute, to such autopsy, remains unexcepted to.

2. The industrial commission failed to enter any finding of fact upon the question whether the death was caused by an injury arising out of and in the course of the decedent's employment, the commission basing its judgment partly, but not exclusively, upon the refusal of the claimant to permit the autopsy required by the employer. The judge of the superior court, in reversing the award denying compensation, sought to adjudicate that the evidence was such as would demand a finding that the death was occasioned by an injury arising out of and in the course of the employment, and remanded the case to the industrial commission for further proceedings in accordance with his opinion. *Held:* Under the ruling made in paragraph 1 above, and under the facts disclosed by the record, the judge of the superior court was correct in holding that the claimant wife did not, as a matter of law, on account of having refused to permit the autopsy required by the employer, forfeit her right to compensation; but the evidence, though authorizing, does not demand a finding that the death was occasioned by an injury arising out of and in the course of the employment. Accordingly, the judgment of the superior court remanding the case to the industrial commission is affirmed, but with direction that the commission ascertain and adjudicate, from the evidence which may be adduced before it, whether the death was in fact occasioned by an injury arising out of and in the course of the employment. See, in this connection, *Southeastern Express Co.* v. *Edmondson,* 30 *Ga. App.* 697 (1) (119 S. E. 39); *U. S. Fidelity & Guaranty Co.* v. *Washington,* 37 *Ga. App.* 140 (3) (139 S. E. 359).

*Judgment affirmed, with direction. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 7, 1929. REHEARING DENIED FEBRUARY 20, 1929.

*Maddox, Matthews & Owens, McDaniel & Neely, Harry L. Greene,* for plaintiffs in error.

*Porter & Mebane,* contra.