*Blackshear & Blackshear* and *R. Earl Camp,* for defendants.

## JORDAN v. DUCKETT.

No. 10340. OCTOBER 11, 1934.

*J. C. & H. E. Edwards,* for plaintiff in error.

*Sam Kimzey* and *Herbert Griggs,* contra.

GILBERT, J. Gresham Duckett, claiming title to described land, filed a petition in which he alleged that C. J. Jordan was wrongfully in possession thereof and was wrongfully cutting timber off of a described portion. The bill of exceptions contains a demurrer to the petition, and recites that "none of the evidence in said case is material to a clear understanding, or to elucidate the errors complained of in this bill of exceptions." The only judgment rendered, as shown by the record, is: "It is considered, ordered, and adjudged that the prayers of the plaintiff for a restraining order be granted. And the defendant C. J. Jordan, his agents, servants,

and employees are hereby restrained and enjoined from in anywise trespassing on the property described in the petition. From going upon the property, except for the purpose of removing his personal property as provided in this order. From exercising any right of possession, and from in anywise interfering with Gresham Duckett's possession of said property." The only assignment of error is: "The court overruled the demurrer and the grounds thereof, and the said presiding judge then and there passed an order granting said injunction and enjoined defendant as prayed in plaintiff's petition; to which order and judgment of the court granting said injunction and enjoining the defendant the plaintiff in error in this bill of exceptions of C. J. Jordan, who then and there excepted and now excepts, assigns the same as error, as being contrary to law, and says that the said presiding judge then and there should have sustained said demurrer and dismissed plaintiff's petition and case, and should have refused the said injunction and the granting of the enjoining of the defendant."

As a part of the certificate on the bill of exceptions, the trial judge recites: "The court did not pass any order on the demurrer, either overruling or sustaining the demurrer. Copies of the deeds under the power of sale were before the court and the original suit between the same parties in the same court, in which the sale was authorized by a judgment of the court, and which judgment was not excepted to."

The defendant in error moved to dismiss the writ of error, on the grounds: (1) The certificate does not verify the bill of exceptions as true, but only in part true. (2) There is no evidence brought before the Supreme Court. (3) There was no judgment on the demurrers.

1. To give this court jurisdiction, the judge's certificate to the bill of exceptions must state that it is true; and for lack of such certification the writ of error will be dismissed. *Cady* v. *Cady,* 161 *Ga.* 556 (131 S. E. 282), and cit. Where the judge's certificate to a bill of exceptions verifies it in part only, and shows it to be in part untrue, the certificate is not a lawful one, and the writ of error must be dismissed. *Hawkins* v. *Americus,* 102 *Ga.* 786 (30 S. E. 519); *Love* v. *Love,* 146 *Ga.* 160 (91 S. E. 27).

2. As to ground 2 of the motion to dismiss, see *Town of Fair-*

*burn* v. *Edmondson,* 160 *Ga.* 792 (129 S. E. 108), and cit.; *Federal Investment Co.* v. *Ewing,* 165 *Ga.* 435 (141 S. E. 65).

*Writ of error dismissed. All the Justices concur.*