## 27438. BORDEN et al. v. ATLANTIC COAST LINE RAILROAD CO.

MACINTYRE, J. 1. Where the certificate to a bill of exceptions omits the words "is true and," by reason of which omission the recitals of the bill are not certified to be true, this court is without jurisdiction to pass upon the merits of the exceptions. *Howard* v. *State*, 51 *Ga. App.* 556 (180 S. E. 905); *Rountree* v. *Gibbs*, 156 *Ga.* 170 (118 S. E. 654); *Cady* v. *Cady*, 161 *Ga.* 556 (131 S. E. 282); *Hinton* v. *State*, 31 *Ga. App.* 293 (120 S. E. 550); *Foster* v. *State*, 29 *Ga. App.* 233 (114 S. E. 582).

2. It affirmatively appears from the bill of exceptions in the instant case that the same was tendered to the trial judge on December 5, 1938, and certified by him on the same date, and said bill and the transcript of the record were filed in this court on December 17, 1938. It further affirmatively appears from the motion to amend the bill of exceptions, which motion was filed in this court on February 18, 1939, that the supplemental certificate, adding the words "is true and" to the certificate, was signed by the judge on February 7, 1939. The control of the judge over the bill of exceptions terminated when he signed and certified it; and it affirmatively appearing that the supplemental certificate was signed by him more than thirty days after the date of the ruling complained of, to wit, November 12, 1939, this court can not regard the supplemental certificate, and is therefore without jurisdiction to entertain the bill of exceptions. *Cartledge* v. *Ashford*, 148 *Ga.* 589 (2) (97 S. E. 52]); *Calhoun* v. *Southern States Naval Stores Co.*, 185 *Ga.* 153 (194 S. E. 191); *Readdick* v. *Forsythe*, 52 *Ga. App.* 54 (182 S. E. 407), and cit.; *Hawkins* v. *Americus*, 102 *Ga.* 786, 790 (30 S. E. 519); *Jordan* v. *Duckett*, 179 *Ga.* 633, 634 (176 S. E. 640); *Bell* v. *Stephens*, 172 *Ga.* 610 (158 S. E. 327); *Walker* v. *State*, 153 *Ga.* 212 (111 S. E. 657).

3. The plaintiffs' contention that they should be allowed to amend the certificate so as to cure the defect, by reason of section 3 of the act of 1893 (Ga. L. 1893, p. 52), is without merit, for the Supreme Court in *Cook* v. *Banks*, 95 *Ga.* 229 (22 S. E. 138), said: "Although the act of December 18, 1893 (Acts of 1893, p. 52), provides 'that the bill of exceptions in any case, or the certificate thereto, may be amended at any time before the final argument thereon in the Supreme Court, so as to make such bill of exceptions or certificate conform to the truth of the case and the forms of law,' yet as this act does not declare whether the amendments to which it refers are to be allowed by order of the trial judge or of this court, and does not in any manner point out how such amendments are to be made, or provide for any procedure in the premises, or for service on the opposite party, the act, in view of these defects and omissions, is, as to the matter of such amendments, too imperfect and incomplete for practical enforcement."

4. Under the preceding rulings, the writ of error must be

*Dismissed. Broyles, C. J., and Guerry, J., concur.*

DECIDED JUNE 16, 1939.

*Louis H. Foster, John R. Wilson,* for plaintiffs.
*R. G. Hartsfield, Bennet & Peacock,* for defendant.