28659. DUNN *v.* AMERICAN MUTUAL LIABILITY INSURANCE COMPANY *et al.*

DECIDED MARCH 18, 1941.

510

*C. B. McCullar,* for plaintiff.

*Neely, Marshall & Greene,* for defendant.

STEPHENS, P. J. (After stating the foregoing facts.) The insurance carrier offered to pay to the claimant $13.60 per week for three hundred weeks, and submitted to the claimant an agreement to that effect. However, the insurance carrier inserted in such proposed agreement a stipulation that in the event it should be determined by the courts that the claimant was not entitled to 85 per cent. of one half of $32, the weekly wages of the employee at the time of the accident, but was entitled to only $12.75 a week, such carrier would be entitled to suspend the payment of $13.60 per week and to immediately begin payment to the claimant of $12.75 a week, and to take credit for all the excess paid by it to the claimant. Upon her refusal to execute this agreement the insurance carrier declined to pay compensation except under order of the Industrial Board. The claim thereafter came on to be heard; and it being admitted that the claimant was entitled to compensation as a total dependent after the death of her husband, the director awarded compensation to her, and directed that she be paid $13.60 per week for three hundred weeks. There was no exception to this award by the employer and the insurance carrier, but the claimant appealed to the

board and contended that she was entitled to compensation in excess of $13.60 a week, namely, $20 a week. The compensation act embodied in the Code, § 114-413(b), provides for the payment of compensation to dependents of a deceased employee, as follows: "The employer shall pay the dependents of the deceased employee, wholly dependent on his earnings for support at the time of the injury, a weekly compensation equal to 85 per cent. of the compensation which is provided for in section 114-404 for total disability, for a period not exceeding 300 weeks from date of injury." Section 114-404, referred to in the above-quoted section, as amended by the act of March 30, 1937, supra, provides: "When the incapacity to work resulting from an injury is total, the employer shall pay or cause to be paid, as hereinafter provided for, to the employee during such total incapacity a weekly compensation equal to one half of his average wages, but not more than $20 per week nor less than $4 per week." The last sentence in section 114-413(d), which provides for payment to dependents where the employee drew compensation before his death, is as follows: "The total compensation to be paid to all dependents of a deceased employee shall not exceed in the aggregate $12.75 per week."

The employee was earning a weekly wage of $32 at the time of the accident. He died within two days from the date of the accident, and hence was paid no compensation for the injury. Therefore, under the above provisions of the compensation law, it appearing that the claimant was the widow of the deceased and wholly dependent upon him, she was entitled to receive "a weekly compensation equal to 85 per cent. of the compensation" provided for in the Code, § 114-404, for total disability' (which is one half of the average wages of the employee not in excess of $20 a week) "for a period not exceeding 300 weeks from date of injury." Any question as to whether the claimant was not entitled to receive in excess of "$12.75 per week," under the last sentence of § 114-413(d), is not in this case, for the reason that the employer and the insurance carrier have not appealed from the award of the weekly sum of $13.60 to the claimant. The director awarded to her compensation of $13.60 per week for three hundred weeks, $13.60 being 85 per cent. of $16, which is one half of $32, the weekly wage earned by the employee at the time of his death. She was not entitled to any sum in excess thereof, under the undisputed facts, and the con-

tention of her counsel that she was entitled to $20 a week for 300 weeks, which would be in excess of 85 per cent. of one half of the weekly wages which the employee was earning at the time of the accident, is without merit. It was urged, as a ground of appeal, that there should have been assessed against the employer and the insurance carrier attorney's fees and penalty. Counsel for the claimant had previously filed before the board a "motion to assess attorney's fees and penalties . . because of the misconduct and stubbornly litigious attitude" of the insurance carrier "in failing and refusing to obey the workmen's compensation laws of Georgia." The director did not err in denying this motion and in refusing to assess attorney's fees and penalty against the insurance carrier. There is no evidence that the insurance carrier was guilty of any misconduct or was stubbornly litigious in failing to pay compensation to the claimant in excess of $13.60 a week. There was no misconduct or stubborn litigiousness on the part of the insurance carrier in failing to pay compensation to the claimant under an agreement unless she would sign the agreement with the stipulation above referred to incorporated therein.

In the Code, § 114-603 (section 67 of the workmen's compensation act), which is the only section providing for the assessment of damages in increased compensation in addition to attorney's fees, it is provided as follows: "Every employer accepting the compensation provisions of this title shall file with the Department of Industrial Relations in form prescribed by the Department, annually or as often as the Department in their discretion may deem necessary, evidence satisfactory to the Department of his compliance with the provisions of the preceding section and all other sections relating thereto. If such employer shall refuse or wilfully neglect to comply with these provisions, the Department of Industrial Relations hearing any application for compensation by an injured employee of such delinquent employer may assess against such employer compensation in an amount greater by 10 per cent. than that provided for in this law, and shall also fix a reasonable attorney's fee for the representative of the employee to be paid by the employer in addition to the increased compensation." This section has no application to a case where the employer has accepted the provisions of the compensation act and complied with the requirements thereof as to filing with the board the necessary form pre-

scribed, or other evidence satisfactory to the board of the employer's compliance with the act. This section of the act embodies a penalty, and must be strictly construed, and the penalty therein provided for can be assessed only where the employer, through refusal or wilful neglect, has failed to comply with the provisions of the act as expressed therein. This section does not provide that an employer or insurance carrier shall be liable to have assessed against it the penalty and attorney's fees because of a refusal or wilful neglect to pay the compensation provided for in the act to one entitled thereto. See *Turner* v. *Albany Coca-Cola Bottling Co.*, 32 *Ga. App.* 518 (123 S. E. 910). Furthermore, it does not appear as a matter of law that the employer and the insurance carrier "defended without reasonable ground" the proceedings for compensation (under the grounds urged by counsel for the claimant), and the director did not err in failing to assess attorney's fees against the employer and insurance carrier. Code, § 114-712, as amended by Ga. L. 1937, pp. 528, 535. It follows that the superior court did not err in affirming the award of the Industrial Board approving the award of the single director.

A motion is made in this court by the defendants in error to assess damages against the plaintiff in error pursuant to the provisions of § 61 of the act, which provides: "If the Industrial Board or any court before whom any proceedings are brought under this title shall determine that such proceedings have been brought, prosecuted, or defended without reasonable ground, the whole cost of the proceedings may be assessed against the party who has brought or defended them; and in addition such party prosecuting or defending a claim without reasonable ground may have the reasonable attorney's fees of the opposing party assessed against him." Code, § 114-712. This provision of the compensation law authorizes the Industrial Board or a court to assess such attorney's fees only in cases which are brought to the court "under this title," meaning under and by authority of the compensation act. Cases brought before the Industrial Board and to the superior court on appeal from the Industrial Board are brought under the authority of this act; but cases brought to the Court of Appeals on exceptions to judgments of the trial judges in passing on appeals from the Industrial Board are not cases brought by virtue of the provisions of the compensation act, but are cases brought to the Court of Appeals under the constitu-

tion of this State, authorizing the Court of Appeals to review decisions of the superior courts in certain described cases. Therefore the motion of the defendants in error that this court assess damages in the nature of "reasonable attorney's fees of the opposing party" against the claimant, under authority of the above section of the compensation act, is entirely without merit, and is denied.

*Judgment affirmed. Sutton and Felton, JJ., concur.*