37814. EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY *et al. v.* CARSON.

GARDNER, Presiding Judge. In this case the widow of a deceased employer of Lockheed Aircraft Corporation was granted a hearing before a single director of the State Board of Workmen's Compensation, seeking compensation for the death of her husband. The single director made an award in favor of the widow, which award was later amended to allow $25.50 per week instead of $30 per week as originally shown. The case proceeded to the full board for hearing. Two members of the full board affirmed the amended award of the single director. One member dissented. The award of the majority members of the full board was affirmed by the Superior Court of Cobb County.

This case turns on an interpretation of that portion of Code § 114-503 which reads: "The employer, or the State Board of Workmen's Compensation, shall have the right in any case of death to require an autopsy at the expense of the party requesting the same." The record shows that proper requests were made of the widow for an autopsy, both before and after the funeral; that the widow refused such requests, and even at the time of the hearing stated that she was still of the opinion that she did not wish an autopsy.

In regard to the interpretation of Code § 114-503, counsel for the employer and the insurance carrier, and for the claimant, have relied on *Travelers Ins. Co. v. Lay*, 39 *Ga. App.* 273 (146 S. E. 641). In that headnote opinion the first headnote states: "It is unnecessary in the instant case to decide whether the refusal by the claimant wife to permit such an autopsy would, ipso facto and in all cases, preclude the right to compensation and authorize the dismissal of a claim therefor, and, if not, whether the quoted provision of the statute would have such effect in a case where the demand for the autopsy had not been made until about a month after the decedent had been

buried, since it appears in this case that the employer, on making such demand under the quoted provision, was enjoined from proceeding with the autopsy, which judgment of the superior court, adjudicating that the employer was not entitled under the statute, to such autopsy, remains unexcepted to." Headnote 2 reads in part as follows: "Held: Under the ruling made in paragraph 1 above, and under the facts disclosed by the record, the judge of the superior court was correct in holding that the claimant wife did not, as a matter of law, on account of having refused to permit the autopsy required by the employer, forfeit her right to compensation." In that case an autopsy was not requested until almost a month after the funeral. This seems to be the only appellate court case on the point, and that case is not conclusive. There have been cases from other states deciding both pro and con on the question of whether or not refusal to allow an autopsy to be performed shall bar recovery. In a case which originated in the Northern District of Georgia (United Commercial Travelers v. Moore, 134 F. 2d 558, 559) that court held that the right to an autopsy is not enforceable where the request therefor is not made within a reasonable time. The record before us shows that the requests were made properly and in a reasonable time.

The part of Code § 114-503 now under consideration, the autopsy provision, involves a person claiming under a deceased employee. It will be noted that the sentence (quoted hereinabove) uses the word "require", rather than the word "request". No penalty is provided. No method is set out whereby an employer may require an autopsy. Since a specific penalty is stated in regard to the other two situations which are dealt with in the same Code section, we are convinced that the omission of a penalty regarding the autopsy provision is significant, and reflects legislative intent to omit such provision.

Statutes which provide no means for enforcement are frequently held too incomplete and imperfect for practical enforcement. See *Borden* v. *Atlantic Coast Line R. Co.*, 60 *Ga. App.* 206 (3) (3 S. E. 2d 469). Also "The enforcement or matters of detail and administration of acts providing new rights may be left to the established practice or general laws applicable to the subject, or to the settled modes of proceeding at common law or equity." 82 C. J. S. 131, Statutes, § 73. It is unnecessary

to decide at this time into which class the statute in question falls, but it obviously does not fall into that class of statutes which provides as a penalty that on failure to comply the beneficial provisions of the act shall not be obtainable by the refusing party. Even refusal of medical treatment does not *ipso facto* bar recovery for it becomes a question of fact for decision by the board whether or not the refusal is justifiable. *Borden Co.* v. *Fuerlinger*, 95 *Ga. App.* 556 (98 S. E. 2d 410). The act in question not only provides no penalty for failure to comply therewith, it only provides that the employer has a right "to require" an autopsy. The very least these words can mean is that the employer has a right to procure an order from some tribunal having jurisdiction over the subject matter to this effect, for mere refusal by a relative of the deceased might or might not be justified under the circumstances, and there would be no such requirement where refusal was in fact justified, as where, for example, an autopsy could add nothing to the knowledge already obtainable, or where the demand was capriciously made in the hope that the claimant would abandon the claim rather than submit. The act provides that the State Board of Workmen's Compensation may require the autopsy, and it could undoubtedly do so by appropriate order. The employer might require such autopsy by procuring such an order from the board. It might procure it in other ways; for instance, if no other method of obtaining the relief sought was available it would appear that equity might lend its assistance.

The employer here has taken no steps to require the widow claimant to submit the body of her husband to autopsy other than merely to request permission of the widow which was refused. Such refusal may or may not have been justified; on the present record it is impossible to determine this fact. But, whether justifiable or not, the mere written request did not *require* the result sought for. The legislature attached no penalty in such a case, and neither the board nor the courts can legislate one into existence.

The superior court did not err in affirming the award of the State Board of Workmen's Compensation.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

DECIDED SEPTEMBER 25, 1959—REHEARING DENIED OCTOBER 15, 1959.

*Smith, Swift, Currie & McGhee, Frank M. Swift,* for plaintiffs in error.

*E. B. Shaw,* contra.