39849.   FRITH v. LIBERTY MUTUAL INSURANCE COMPANY et al.

Decided February 1, 1963.

*Paul C. Myers, William I. Aynes,* for plaintiff in error.

*Greene, Neely, Buckley & DeRieux, Burt DeRieux,* contra.

CARLISLE, Presiding Judge. "An agreement fixing compensation between an employer and employee, approved by the Board of Workmen's Compensation and not appealed from, is res judicata as to the matters therein determined, and the parties

are precluded from thereafter contradicting or challenging the matters thus agreed upon." *Travelers Ins. Co. v. Hammond*, 90 Ga. App. 595 (2) (83 SE2d 576). In the instant case the stipulation between the parties approved by the board adjudicated that the claimant sustained an injury which resulted in total disability; that he was paid compensation based on total disability for thirty weeks; that at the time of the execution of the stipulation claimant was permanently disabled (but the extent of this permanent disability was not adjudicated); that some of his then disability was due to a pre-existing "chronic low back syndrome"; that as the result of his injury of May 6, 1960, the claimant had a 16 percent permanent disability to his body as a whole, "and that any and all other disability which he may *have* is due to disease and conditions not caused by or connected with his accident and injury of May 6, 1960" (emphasis supplied), and that the amount of compensation which the claimant was entitled to recover on account of that 16 percent disability was $3,250, representing the commuted value of 319 weeks' compensation.

As has been shown in the foregoing statement of facts, upon the hearing before the deputy director, the claimant was the only witness, and he testified without contradiction and repetitiously that his condition at the time of the hearing was in many ways much worse that it was at the time the stipulation was executed and he signed the final settlement receipt and that he was totally disabled from performing any work of the kind for which he was qualified. It is true that he did not testify as to what the cause of his disability was, but the deposition of Dr. Gibson M. Pattillo was introduced and. on that deposition Dr. Pattillo testified that in his opinion the claimant's present disability, based on his observation of the claimant, was 100 percent and was due to the claimant's injury of May 6, 1960. This testimony was also uncontradicted. The defendant and its insurance carrier attempted to show by questions propounded to Dr. Pattillo on cross-examination that it was his opinion that the claimant had been 100 percent disabled all along and thus to bring the case within the rule enunciated and applied in *Hartford Accident &c. Co. v. Carroll*, 75 Ga. App. 437, 445 (2)

(43 SE2d. 722). The question propounded to the doctor on cross-examination was to the effect that while other doctors rated the claimant at 16 per cent disability, some more and some less, that if the witness had seen him at that time he might have decided that the claimant was totally disabled. This question was objected to by counsel for the claimant because it called for a speculative answer and on the further ground that it was an attempt to re-open the matter already adjudicated by the stipulation and the finding of the board approving it. We think this objection was probably good, but it is unnecessary to decide that issue because the doctor's answer falls far short of amounting to testimony that he held an opinion *at the time the stipulation was entered into* that the claimant was 100 percent disabled. The doctor's answer was as follows: "In answer to your question, if I recall correctly, I stated that in my opinion Mr. Frith was 100 percent disabled insofar as his regular occupation is concerned. He has free use of his hands, which, of course, shows that he is not 100 percent disabled for all purposes, so when I say totally and permanently disabled, I referred to his usual occupation."

The evidence thus before the deputy director when considered in connection with the previous stipulation, demanded a finding that the claimant had suffered a change in condition for the worse, that at least some of the change was due to the effects of his injury and that some additional amount of the disability from which he was suffering at the time of the hearing was caused by his injury. Keeping this in mind, the finding of the deputy director that all of the claimant's increased disability was due to a pre-existing disease or condition not connected with his work was pure speculation and conjecture on the part of the deputy director. An award either denying or granting compensation on such basis is not authorized. *U.S. Fidelity &c. Co. v. Brown,* 68 Ga. App. 706 (3) (23 SE2d 443); *Rucker v. Anderson,* 103 Ga. App. 641 (120 SE2d 325).

Under these circumstances, the deputy director and the full board erred in denying any additional compensation and the judge of the superior court erred in affirming that award. *Thompson-Weinman Co. v. Yancey,* 90 Ga. App. 213, 222 (82

SE2d 725). The case is reversed with direction that it be remanded to the board for the entry of an award in conformity with this opinion.

*Judgment reversed with direction.  Bell and Hall, JJ., concur.*