40259.   U. S. CASUALTY COMPANY et al.
v. WHITE et al.

FRANKUM, Judge.   1. Where on the hearing of an application of a widow-claimant for compensation on account of the death of her husband as the result of an accident arising out of and in the course of his employment the employer and insurance carrier admitted the employment, and that the employee died as a result of an injury which arose out of and in the course of such employment and defended the claim solely on the basis that there was a suspicion that some person other than the claimant had at one time claimed to be the wife of the employee, but introduced no evidence in proof that such other person had ever made a bona fide claim to such effect, and where all the evidence introduced showed without dispute that the widow-claimant was the lawful wife of the deceased employee, that she had not voluntarily abandoned him and that there had been no dissolution of the marriage, and that certain minor children (also designated as claimants) were children born of that union, and where the evidence further showed without dispute that the claimants were dependent upon the deceased employee, such evidence demanded the award of compensation made by the director.   *Code* § 114-414.

2. Where, however, the claimant sought an award of attorney's fees because the claim was defended without reasonable grounds, but introduced no evidence as to the amount of reasonable attorney's fees, an award of attorney's fees in the amount of $1,000 was not authorized.   The discretion of the board in allowing attorney's fees under *Code Ann.* § 114-712 is as to the allowance of any amount whatsoever, and in order to authorize the award of a particular amount some evidence must be introduced in support thereof.   *Johnson v. East Tenn. &c. R. Co.*, 90 Ga. 810 (17 SE 121).

3. The judgment of the superior court affirming the award of compensation is affirmed, but insofar as that judgment affirmed the award of attorney's fees it must be reversed, and under the authority of *Hartford Acc. &c. Co. v. Cox*, 191 Ga. 143 (11 SE2d 661), directions are given that the case be remanded to the board with instructions that it hear such evidence on the question of attorney's fees as the parties desire to introduce, and that it make an award based on such evidence.

See *Ideal Mut. Ins. Co. v. Ray,* 92 Ga. App. 273, 276 (88 SE2d 428).

4. Inasmuch as the award of attorney's fees made by the director was not authorized by the evidence, the appeal to the superior court was meritorious, and the award of additional attorney's fees therein was not authorized. *Dunagan v. Marell Farms, Inc.,* 95 Ga. App. 857, 859 (99 SE2d 236).

*Judgment affirmed in part; reversed in part with direction. Nichols, P. J., and Jordan, J., concur.*

DECIDED OCTOBER 23, 1963.

*Woodruff, Savell, Lane & Williams, John M. Williams, Ben Smith,* for plaintiffs in error.

*George T. Bagby, J. R. Cullens,* contra.

