40710.   GULF LIFE INSURANCE COMPANY v. HOWARD.

DECIDED JULY 8, 1964.

78

*Tindall & Tindall, Joseph D. Tindall, Jr., Carlton G. Matthews, Jr.,* for plaintiff in error.

*Marshall L. Fountain,* contra.

FRANKUM, Judge. ■ The main issue of fact in this case was whether the plaintiff had suffered the entire and irrecoverable or permanent loss of the sight of his left eye as a result of an accidental injury thereto which he had admittedly sustained. The evidence as to this issue did not demand a verdict for the defendant. The plaintiff testified that he could not see out of his left eye since the accident, and that he knew of no correction that could be made. An optometrist, sworn on behalf of the plaintiff, testified that plaintiff was blind in his left eye, and that, in his opinion, this condition was permanent and entire and that there was no hope of recovery. Even the defendant's own witness, Dr. R. E. Leonard, testified that for all practical purposes the plaintiff was blind in his left eye. While there was some evidence that this condition might have been alleviated by the plaintiff's use of a contact lens, the plaintiff testified that he could not wear such a lens, and therefore, this evidence could not change the practical results of the case. The evidence was undisputed that ordinary cataract eye glasses could not be used to correct one eye alone where a cataract operation had not been performed on the other eye. Under these circumstances the evidence amply authorized the verdict for the plaintiff, and

the trial court did not err in overruling the motion for a judgment notwithstanding the verdict and in overruling the general grounds of the motion for new trial.

■ The final special ground of the motion for new trial attempts to assign error on the refusal of the court to grant the defendant's motion that the plaintiff be examined again by Dr. Leonard. Assuming, but not deciding, that error properly may be assigned in a ground of a motion for a new trial on such antecedent ruling of the trial court, it is sufficient to say that whether or not such an examination will be ordered lies within the sound discretion of the trial judge, and in the absence of a clear abuse of such discretion, the judgment of the trial court in this regard will not be controlled. See *Richmond &c. R. Co. v. Childress,* 82 Ga. 719, 721 (9 SE 602, 3 LRA 808, 14 ASR 189), and *City of Cedartown v. Brooks,* 2 Ga. App. 583, 590 (9) (59 SE 836).

■ The first three special grounds of the motion for new trial all relate to the question of whether a jury finding that the defendant was guilty of bad faith in declining to pay the plaintiff's claim was authorized. The policies of insurance sued on obligated the company to pay the sums specified for the entire and irrecoverable loss of sight or the permanent loss of the sight of the plaintiff's eye. In the medical statement accompanying the proof of loss submitted by the plaintiff, Dr. Leonard, who first treated the plaintiff and who operated on his eye for the removal of the traumatic cataract therefrom, certified that the plaintiff's loss of vision was less than 4 percent with glasses and that the loss of the sight of the eye was not complete. In cases of this nature the burden is on the plaintiff to show that he has sustained a loss within the terms of the policy, and the insurance carrier is not chargeable with bad faith in failing to pay the claim where the proof of loss submitted raises a reasonable doubt as to whether the plaintiff is entitled to recover under the terms of the policy. On its face the proof of loss in this case left it doubtful as to whether the plaintiff had sustained a loss within the terms of the coverage of the policies, and it cannot be said that defendant was guilty of bad faith in refusing to pay the claim in view of the information which it had before it at the time it refused. Accordingly, the verdict finding attorney's

fees in the amount of $463 was not authorized. However, since this amount can be separated from the general verdict in favor of the plaintiff, the judgment will be affirmed on condition that the amount of $463 be written off by the plaintiff before the judgment of this court is made the judgment of the trial court. Otherwise, the judgment is reversed.

*Judgment affirmed on condition. Felton, C. J., and Pannell, J., concur.*