## 43567.   LAFAVOR v. AETNA CASUALTY & SURETY COMPANY et al.

QUILLIAN, Judge.   The claimant filed a claim for workmen's compensation benefits and also requested that the board assess a reasonable attorney's fee under the provisions of *Code* § 114-712, as last amended by Ga. L. 1943, pp. 167-169. There were two hearings held on the claim, one on the question of compensation benefits and the other in regard to the assessment of attorney's fees.   An award was issued granting the claimant compensation beginning on the date of his accident and terminating one week prior to the first hearing. The request for attorney's fees was denied.   The claimant appealed and the case is here for review.   *Held:*

1. The claimant contends that the board should have assessed a reasonable attorney's fee under *Code Ann.* § 114-712 which provides: "If the State Board of Workmen's Compensation or any court before whom any proceedings are brought under this Title shall determine that such proceedings have been brought, prosecuted or defended without reasonable ground, the whole cost of the proceedings may be assessed against the party who has brought or defended them, and in addition such party prosecuting or defending a claim without reasonable ground may have the reasonable attorney's fee of the opposing party assessed against him."

There was no conflict in the evidence that the claimant had an accident which arose out of and in the course of his employment.   However, there was an issue and completely contradictory testimony as to the duration of his disability resulting from the accident.   The claimant testified that as of the date the hearing was held he was not able to return to work.   The attending physician, on the other hand, testified that the claimant completely recovered and was able to return to work on June 3, 1966, which was a week prior to the hearing.   Hence, we cannot say that there was not a reasonable ground for defending the claim as to the amount of compensaton due the claimant, and the board was correct in refusing to assess a reasonable attorney's fee.

2. The claimant also insists that the portion of the award which denied the assessment of an attorney's fee was contrary to law because the findings of fact contained therein were not sufficient to comply with the provisions of *Code* § 114-707.

The evidence having demanded a finding that the claim was defended upon a reasonable ground, this enumeration of error is without merit. *McDaniel v. Employers &c. Ins. Co.,* 104 Ga. App. 340 (121 SE2d 801).

Judgment affirmed. *Bell, P. J., and Hall, J., concur.*

SUBMITTED APRIL 2, 1968—DECIDED MAY 7, 1968—
REHEARING DENIED JUNE 12, 1968—CERT. ■

*Jay M. Sawilowsky,* for appellant.

*Calhoun & Kernaghan, William C. Calhoun,* for appellees.