43995. TRAVELERS INSURANCE COMPANY et al. v. MADDOX.

Hall, Judge. The employer and insurer appeal from a judgment affirming an award of workmen's compensation for the widow and children of a deceased employee. (The Chairman of the State Board of Workmen's Compensation dissented from the award on the ground that the death was not causally related to performance of employment duties.)

The hearing director made findings based on the following evidence. The deceased died on October 25, 1965, of acute

pulmonary edema due to acute congestive heart failure and hypertensive heart disease. The deceased was employed as a truck driver. There was evidence that the deceased had felt tired and was not well several days before his death and consulted a doctor who found that he had high blood pressure. On the day he died he went to work in the morning and drove a five-axle trailer truck from Atlanta to Cartersville. The co-driver observed when they left Atlanta that the deceased had "real dark circles under his eyes" and the "veins in the side of his head were protruding way out and he complained of being extremely weak." He made a stop at Marietta for the co-driver to eat; the driver had coffee and took an aspirin. When they got to Cartersville the co-driver went to sleep in the bunk in the truck. The driver waited for the truck to be unloaded and kept in touch with the central dispatch office. At 1:45 p.m. the driver awakened the co-driver and asked him to swap places with him and said he was "real tired," and went to bed immediately. At about 4:15 p.m. the deceased was observed screaming and waving his arms, and the co-driver got into the bunk of the truck and found him dead.

The issue is whether the evidence supported the finding that exertion in employment was a contributing cause of the decedent's death.

The only medical testimony was the deposition of the county medical examiner who examined the deceased's body within an hour after death and performed an autopsy. He testified that the cause of death was acute heart failure and that the heart was enlarged, in his opinion due to high blood pressure. He stated that in his opinion strain does not aggravate high blood pressure and that the deceased's employment activities did not play any role in his death; he did not think his driving and working at his job influenced his death at all or brought about his death any earlier than it would have otherwise occurred.

The case relied on by the claimant held that ". . . knowledge from human experience, including medical caution against exertion in such cases and the admitted opinion of experts that exertion might contribute to such an attack, . . ." authorized a finding that exertion in employment contributed to the cerebral hemmorhage which caused the decedent's death. *Hartford Acci. &c. Co. v. Waters*, 87 Ga.

App. 117 (73 SE2d 70). In this and the cases cited below there was medical testimony that exertion might or could contribute to an attack of the kind which caused the death. *Thomas v. U. S. Cas. Co.,* 218 Ga. 493 (128 SE2d 749); *Refrigerated Transport Co. v. Shirley,* 93 Ga. App. 334, 336 (92 SE2d 26); *Burson v. Howell,* 112 Ga. App. 675, 676 (145 SE2d 718); *J. D. Jewell, Inc. v. Peck,* 116 Ga. App. 405 (157 SE2d 806). There was no such evidence in the present case.

We know of two cases in which, the employee having had a fatal attack while at work, the court held an award denying compensation was not authorized. *Williams v. Maryland Cas. Co.,* 67 Ga. App. 649 (21 SE2d 478), and *Travelers Ins. Co. v. Young,* 77 Ga. App. 512 (48 SE2d 748). In these cases, unlike the present case, there was no medical evidence that the exertion did contribute or that it did not contribute to the fatal attack, and the attack occurred in the course of or immediately following exertion in the employment. They are not controlling in the present case. For an interesting discussion of the problem see Feild and Richardson, Workmen's Compensation, 15 Mercer Law Review 229, 238-239 (1963).

The court erred in affirming the award for the claimant.

*Judgment reversed. Bell, P. J., concurs. Quillian, J., concurs specially.*

ARGUED OCTOBER 8, 1968—DECIDED NOVEMBER 1, 1968.

*Greene, Buckley, DeRieux, Moore & Jones, Thomas B. Branch, III,* for appellants.

*Richard W. Best, Gary Blasingame,* for appellee.

QUILLIAN, Judge, concurring specially. While medical testimony that a claimant's exertion might have been sufficient to precipitate a heart attack is not necessary to support an award to that effect, in the absence of such medical testimony, "the evidence must show the work engaged in by the employee to have been sufficiently strenuous or of such a nature that, combined with the other facts of the case, it raises a natural inference through human experience that the exertion contributed toward the precipitation of the attack." *Hoffman v.*

*National Surety Corp.*, 91 Ga. App. 414 (85 SE2d 784). Examples of compensation being granted in the absence of medical testimony are where the claimant had been working all day with a heavy sledge hammer (*Williams v. Maryland Cas. Co.*, 67 Ga. App. 649 (21 SE2d 478)), and where the claimant had been engaged in fighting fires which was shown to be very strenuous work. *Travelers Ins. Co. v. Young*, 77 Ga. App. 512 (48 SE2d 748).

In my opinion the exertion shown in the present case was not sufficient to meet the test that it raised a natural inference through human experience that it contributed toward precipitating the heart attack. There being no medical testimony that the claimant's activity might have contributed to the attack, the evidence was insufficient to support the award.