46133. WILLIAMS et al. v. GARTRELL.

HALL, Presiding Judge. The employer appeals from a judgment of the superior court affirming an award of death benefits by the State Board of Workmen's Compensation.

The sole issue is whether there was any evidence that the deceased employee had an accident arising out of and in the course of the employment. The employee's usual work was loading lumber onto trucks at the sawmill. The mill employed a full time truck driver and one of the proprietors also drove on a regular basis. However, the deceased employee was occasionally asked to drive, and on the morning of his death had driven one load to South Carolina at the request of a proprietor. The regular driver was home sick that day. Later, another truck was loaded and ready to go but neither of the proprietors was at the mill. The employee decided to deliver the wood himself. On his return trip he drove off the road into a lake and was dead when he was pulled out a short time later. The medical cause of death was not established.

The employers contend that there is no evidence to show he died from an accident. They suggest he may have had a heart attack, or have fallen asleep, or have even committed suicide. They further contend that his trip was wholly unauthorized, that he was not performing a duty for which he was employed, and therefore his death neither arose out of nor in the course of his employment. They cite *New Amsterdam Cas. Co. v. Sumrell,* 30 Ga. App. 682 (118 SE 786) for the definitions of "arising out of" and "in the course of" employment.

While the definitions and tests set out in that case are fine statements of the law, they do not exclude the factual circumstances here. The opinion also contained this statement: "If the work of an employee or *the performance of an incidental duty*

involves an exposure to perils of the highway, the protection of the Workmen's Compensation Act extends to the employee while he is passing along the highway in the performance of his duties." *New Amsterdam Cas. Co.,* supra, p. 690. (Emphasis supplied). Here there was evidence which would support a finding that driving a truck was an incidental duty of the employee and therefore that his death arose out of and in the course of his employment.

The employers seek to escape liability because the employee had not been acting under their specific orders to drive the truck at that time. However, the facts are undisputed that he had actually made a delivery of lumber and was on a route which would return him to the mill. "An act outside an employee's regular duties which is undertaken in good faith to advance the employer's interests whether or not the employee's own assigned work is thereby furthered, is within the course of employment." 1 Larson, Workmen's Compensation Law, 452.23, § 27.00.

The contention that an accident was not proved is without merit. The fact that the employee drove off the road into a lake and died is sufficient under the any-evidence rule to support a finding of accident—whether triggered by illness, falling asleep or some other unknown factor. See *Smith v. Liberty Mut. Ins. Co.,* 111 Ga. App. 616 (142 SE2d 459). Under the circumstances, all presumptions would favor the finding. *Standard Accident Ins. Co. v. Kiker,* 45 Ga. App. 706 (165 SE 850); *Union News Co. v. Oldham,* 74 Ga. App. 209 (39 SE2d 318).

*Judgment affirmed. Eberhardt, J., concurs. Whitman, J., concurs specially.*

SUBMITTED APRIL 6, 1971—DECIDED SEPTEMBER 8, 1971.

*Ben B. Ross,* for appellants.

*Lawson E. Thompson,* for appellee.

WHITMAN, Judge, concurring specially. I concur specially in the opinion in this case affirming the judgment of the trial court, and in doing so refer particularly to testimony of J. T. Williams, one of the defendants, who testified on the hearing before the single

director which was reviewed by the full board, that the deceased was driving the truck at the time of his death; that he had been to McCormick, South Carolina, to deliver some lumber for the Williams Lumber Company; that is, for the witness J. T. Williams and R. B. Williams. These persons were partners and are referred to in the opinion as proprietors. The deceased was an employee of the partnership.