## 46774. AETNA INSURANCE COMPANY et al. v. JONES.

DEEN, Judge. 1. Findings of fact on which the award in a workmen's compensation case is based must be supported by testimony. *Bituminous Cas. Corp. v. Chambers,* 84 Ga. App. 295 (66 SE2d 196). Therefore, a misstatement of significant testimony will be ground for referral back to the board of an award otherwise supported by evidence where it is possible that a proper understanding of the evidence might have caused the finder of fact to reach a different conclusion. Here, although the evidence is in conflict both as to whether the claimant was in fact suffering from a back injury, and whether if so the injury occurred during his efforts to unload a washing machine from a truck, where the claimant testified positively that this was the case and the witness, a co-employee, said he did not remember the machinery slipping or dropping but that it could have happened, the statement: "I find from the testimony of Stanfield Bowe that he remembered helping Elijah Jones unload a washing machine on the last day that Elijah Jones worked for Singleton Furniture Company, and that the washing machine did not slip while they were unloading it" is stronger than Bowe's testimony warrants and might have

formed the basis for denying compensation. The judge of the superior court on appeal, therefore, did not err in recommitting the case to the board for further proceedings.

2. The evidence did not, however, demand a finding that the claimant sustained an employment connected injury, and it was error, after recommitting the case, to further order the entry of an award granting compensation. *American Cas. Co. v. Harris,* 96 Ga. App. 720, 723 (101 SE2d 618).

*Judgment reversed in part; affirmed in part. Jordan, P. J., and Clark, J., concur.*

ARGUED JANUARY 5, 1972—DECIDED JANUARY 20, 1972— REHEARING DENIED FEBRUARY 10, 1972.

*Savell, Williams, Cox & Angel, John M. Williams, Elmer L. Nash,* for appellants.

*J. S. Hutto & Associates, Eugene Highsmith,* for appellee.