47187.  BROWN TRANSPORT CORPORATION v. BLANCHARD et al.
47188.  LIBERTY MUTUAL INSURANCE COMPANY v. BLANCHARD et al.

DEEN, Judge. *Code* § 114-102 was amended by Ga. L. 1963, pp. 141, 142 to state: ". . . nor shall 'injury' and 'personal injury' include heart disease, heart attack, the failure or occlusion of any of the coronary blood vessels, or thrombosis, unless it is shown by a preponderance of competent and creditable evidence that it was attributable to the

performance of the usual work of employment." A deputy director hearing a workmen's compensation claim must initially determine, where it appears that an employee has a heart attack and dies in the course of his employment, whether the attack also arises out of it—that is, whether the evidence points to the performance of the work as a contributing proximate cause. *Employers Mut. Liab. Ins. Co. v. Videtto,* 124 Ga. App. 458 (184 SE2d 210). And where he concludes either way, if there is any evidence to support the finding, it cannot be set aside on appeal. *Hansard v. Ga. Power Co.,* 105 Ga. App. 486 (124 SE2d 926). There was ample evidence to support the finding of the deputy director, which was affirmed by the full board, (a) that the deceased employee died of a heart attack and (b) that the evidence did not show the work he did on the date of his death (driving an empty truck some 65 miles) was a precipitating or aggravating cause.

The judge of the superior court to which the award was appealed erred under these circumstances in reversing the award denying compensation. A different conclusion is not demanded by *Williams v. Gartrell,* 124 Ga. App. 391 (184 SE2d 49) for two reasons; in that case the deputy director and full board found for the claimant, and the case was not strictly speaking a "heart attack" case. It there appeared that after loading and delivering a truck of wood the employee on his return trip died when the truck ran off the road and was submerged in a lake. This court held merely that proof of these facts was sufficient to *support* a finding of accident when it occurred in the course of the employment under the general presumption to that effect, the cause of death being otherwise unexplained. The evidence here supports a finding that the employee's work was not a proximate cause of the heart attack.

*Judgment reversed. Eberhardt, P. J., and Clark, J., concur.*

ARGUED MAY 5, 1972—DECIDED MAY 17, 1972.

*Hopkins & Gresham, H. Lowell Hopkins,* for Brown Transport.

*Corish, Smith, Remler & Moore, Malberry Smith,* for Liberty Mutual.

Ruth L. Blanchard, *pro se.*