## 48128. PACIFIC EMPLOYERS INSURANCE COMPANY et al. v. PECK.

EBERHARDT, Presiding Judge. William F. Peck, regularly employed by Gainesville Machine Company to drive a truck, was driving one of the company trucks on a return trip from Arkansas where certain machinery had been delivered and the truck, without any obvious cause or reason, turned from the road and went up an embankment then down and stopped. A witness who was following saw it, and stopped at the truck, observing that Peck was "gasping for breath." An ambulance attendant testified that he was obviously dead when they arrived for taking Peck to a hospital, and at the hospital he was dead on arrival.

A doctor who examined him testified that while he had some superficial injuries, he did not relate the employee's death to any accidental cause but to a heart attack,[1] and another physician testified that the most probable cause of his death was a myocardial infarction,[2] though no autopsy was performed and that would be the only means of making an absolute determination as to cause.

---

[1] Dr. Kelly S. Segars, who examined the deceased shortly after the fatal injury testified: "Q. Doctor, on your examination of Mr. Peck, did you find evidence that Mr. Peck died of any physical injury? A. I conducted a superficial examination and did not find any evidence of an injury severe enough to have caused his death . . . Q. What examination did you perform? A. Head, neck and chest. Q. Did you find any marks on the body in that area? A. As I recall, there is nothing in the record, there was (sic) some superficial

The insurance carrier twice requested an autopsy, but the employee's widow refused to allow it.

A hearing was held before the board for determining whether the matter was compensable. In the findings and award of the full board it is asserted that "the evidence is insufficient to show the cause of this accident and we are unable to determine whether deceased's accident was triggered by illness, falling to sleep, or some mechanical defect in the vehicle, and we conclude that his death was caused by an accident which arose out of and in the course of his employment and is therefore compensable."

---

abrasions on the forehead. Q. Are you stating that he did not die of an injury? A. No, I'm not stating that he did not die of an injury. It is possible that he could have died from an internal injury, but the nature of the injury was such that I could not determine that from the examination performed. Q. Is it your determination, then, that you cannot professionally determine his cause of death? A. That is correct . . . I made no X-Rays and performed no autopsy. Q. Doctor, in the absence of any findings of physical injury and in a man in the late forties and early fifty age group, do you find the most likely cause of death is a heart attack or stroke? A. I will say that the most likely cause of death would be heart attack, not a stroke."

[2]Dr. John T. Godwin, testifying as an expert, on being asked a hypothetical question as to his opinion of the cause of death, the known facts concerning the circumstances of the fatal injury being given: "Q. All right, doctor, if you have an opinion as to the most probable cause of death, would you state what that opinion is? A. Well, there are several reasons why one may die unexpectedly and suddenly as this man did, and assuming as you have indicated that the physician did not find evidence of an external injury, then the most likely cause of death would be an acute myocardial infarction or acute coronary occlusion. There are other conditions which may produce the same type of sudden unexpected death, such as pulmonary embolus, a ruptured aneurysm, either within the thorax or the brain, or cerebral hemorrhage is another example, but generally an acute coronary occlusion would be the first consideration. Q. Is that what we laymen know as a heart attack? A. Yes . . .(After some cross examination) Q. So as a matter of fact, based upon what we've said here today, is it your opinion or is it not your opinion that Mr. Peck either died from injuries received in the wreck or from natural causes? A. I would have to have more evidence to conclude that this was due to injury."

The board then by a two-member ruling, one member dissenting, proceeded to find that the matter "was defended without reasonable grounds" and assessed attorney fees against the insurer, one member dissenting as to this.

On appeal to the superior court the award was affirmed, but the court declined to assess further attorney fees for the appeal which were sought on the ground that the appeal was frivolous and unfounded.

On appeal to this court the enumerations of error deal only with the attorney fees assessed by the board. *Held:*

While the matter of whether the employer of the insured has defended a claim without reasonable grounds and is thus liable for attorney fees under Code Ann. § 114-712 is a factual issue for determination by the board, *Meeks v. Travelers Ins. Co.,* 119 Ga. App. 569 (167 SE2d 927); *McCoy v. J. D. Jewell, Inc.,* 123 Ga. App. 175 (179 SE2d 654), the finding that the matter was defended without reasonable grounds must be supported by the evidence, and there must be supporting evidence upon which to make the finding, just as is the case of other findings upon which the award is made. "Findings of fact on which the award in a workmen's compensation case is based must be supported by testimony. *Bituminous Cas. Corp. v. Chambers,* 84 Ga. App. 295 (66 SE2d 196)." *Aetna Ins. Co. v. Jones,* 125 Ga. App. 471 (1) (188 SE2d 180). When the finding rests upon "pure speculation and conjecture on the part of the deputy director [or the board] [a]n award either denying or granting compensation on such basis is not authorized." *Frith v. Liberty Mutual Ins. Co.,* 107 Ga. App. 285, 289 (129 SE2d 812).

In making the determination of whether the matter has been defended without reasonable grounds the board may, of course, consider the whole of the evidence, and should do so.

We have examined it ourselves, and we conclude that there was ample ground for making a defense, viz., whether the employee's death resulted from disease, as is indicated in the opinions of the doctors who testified, and whether the accident thus was occasioned by the heart attack, rather than the heart attack resulting from the accident. In this connection see *Travelers Ins. Co. v. Maddox,* 118 Ga. App. 596 (164 SE2d 850); *Brown Transport Co. v. Blanchard,* 126 Ga. App. 333 (190 SE2d 625).

The evidence made a serious issue as to whether the employee's death was compensable, and the employer or the insurer was entitled to defend without being penalized for doing so. *Dunn v. American Mut. &c. Co.,* 64 Ga. App. 509 (13 SE2d 902); *Commonwealth Ins. Co. v. Arnold,* 114 Ga. App. 835 (2) (152 SE2d

896). "The evidence having demanded a finding that the claim was defended upon a reasonable ground," the claimant was not entitled to an award of attorney fees. *LaFavor v. Aetna Cas. & Sur. Co.,* 117 Ga. App. 873 (2) (162 SE2d 311). It is not necessary that the defense presented be such that the award may deny compensation. "A defense going far enough to show reasonable and probable cause for making it, would vindicate the good faith of the company as effectually as would a complete defense to the action." *Interstate Life &c. Co. v. Williamson,* 220 Ga. 323, 325 (138 SE2d 668). "No man is bound to forego litigation at the expense of yielding rights apparently well founded . . ." *Tift v. Townes,* 63 Ga. 237, 242 (3). "Any rule or principle which would deny to the company the right of full and free litigation in such a case as this would deny it in any case." *Travelers Ins. Co. v. Sheppard,* 85 Ga. 751, 815 (12 SE 18).

We think the opinions of the doctors who testified disclose that reasonable grounds for defending the matter did exist and were presented. While, in view of other evidence presented by the claimant, it may very well be that the award of compensation was authorized, it was not demanded. The board did not accept the defense made and awarded compensation, but it was not an unreasonable or unfounded defense.

Attorney fees may not be awarded where the matter was closely contested on reasonable grounds. *Gulf Life Ins. Co. v. Moore,* 90 Ga. App. 791, 798 (84 SE2d 696). And it is not essential that the defendant prevail if there is a reasonable basis for its defense. *Interstate Life & Accident Ins. Co. v. Williamson,* 220 Ga. 323, 325 (138 SE2d 668); *Gulf Life Ins. Co. v. Howard,* 110 Ga. App. 76, 79 (3) (137 SE2d 749).

The finding of the board that the defense was made without reasonable grounds is without evidence to support it, is error, and that portion of the judgment affirming the award of attorney fees is reversed.

*Judgment reversed. Bell, C. J., Hall, P. J., Pannell, Quillian and Clark, JJ., concur. Deen and Stolz, JJ., dissent. Evans, J., dissents but does not agree with all that is said in Judge Stolz's dissent.* ARGUED MAY 2, 1973 — DECIDED JUNE 28, 1973 — REHEARING DENIED JULY 19, 1973 —

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Williston C. White,* for appellants.

*Greer, Sartain & Carey, Jack M. Carey,* for appellee.

STOLZ, Judge, dissenting. This case arose out of the death of William F. Peck (employee), claimant's deceased husband, who was employed by Gainesville Machine Company (employer). Pacific Employers Insurance Company (insurer) provided the employer's workmen's compensation insurance coverage. A rather complete review of the facts surrounding the employee's death is necessary for complete understanding of the case.

The employee was regularly employed as a truck driver. On this particular occasion, he was instructed by his immediate superior to drive a 1969 ton and a half Chevrolet flat bed, single axle truck to deliver certain poultry equipment to Decatur, Arkansas, a trip of 800 miles from the employer's place of business in Gainesville, Georgia. The trip commenced on July 8, 1971, at approximately 3:00 o'clock in the afternoon. On July 10, 1971, at 7:00 a.m., the employee delivered the poultry equipment to its destination at Peterson Industries Poultry Plant in Decatur, Arkansas. The employee did not assist in the unloading, but, after the same was accomplished, departed to return to Gainesville, Georgia at approximately 8:30 a.m. On the return trip, at approximately 3:00 p.m. on July 10, while traveling east on U. S. Highway 72 at a point over 400 miles east of Decatur, Arkansas and about 2 miles west of Iuka, Mississippi, on a "straight piece of road," the truck driven by the employee was seen leaving the road's south side (right side for eastbound traffic). The truck then traveled up an embankment, came down the embankment, and across the highway to a point 10 feet off the highway down an embankment on the north side thereof (left side for eastbound traffic). Witnesses arriving at the scene immediately thereafter found the employee lying on his right side on the seat with his feet back toward the steering wheel; and observed that he was struggling, gasping for breath, had small blue spots on the left side of his face, did not have his right color, and had a small laceration on his forehead. This condition continued for 8 to 10 minutes, then he stopped breathing. He was not breathing when the ambulance arrived and was pronounced dead on arrival at the hospital.

The medical doctor at the hospital testified that he conducted a superficial examination of the then deceased employee and did not find any evidence of injury severe enough to have caused his death; that there were some superficial abrasions on the forehead; that he was not stating that the deceased did not die of any injury; that it is possible that the deceased could have died from an internal

injury; that he could not determine the cause of death because no autopsy was performed (deceased was embalmed in Mississippi and returned to Gainesville for burial); that he did not determine from his examination if the deceased had a broken neck; that, in the absence of any physical findings of injury, the most likely cause of death of a man in his late forties (as was the employee) would be a heart attack; that there were no findings on his examination that the deceased may have died of a heart attack—an autopsy would be required; and that he did not examine the employee's arms and legs.

Another medical doctor, a pathologist, on hypothetical question testified that the employee most likely died of an acute myocardial infarction if the doctor found no external causes of death; that his answer was premised on the fact that the employee died unexpectedly and for no apparent reason; that, if there was evidence of bruising to the front of the head and lacerations to the back of the neck, this would indicate that the employee could have died from injuries; that the possibility exists that excitement, fear, or excessive stimulations would and could precipitate an acute heart attack; that it is possible to have a broken neck without extensive damage to the head; that he could not say whether employee died of natural or accidental causes.

Examination of the truck being driven by the employee, revealed that the front axle was bent under, the frame was bent, the windshield had been knocked out, the cab was warped, and there was "quite a bit" of frame damage. Repairs were estimated to cost between $2,000 and $2,500.

Other evidence showed that the employee was 49 years of age; was a tall, thin man who had no prior history of a heart condition; that in addition to the injuries previously described, the employee's body showed bruises on the lower back of his head and the chest, a 3 to 5-inch laceration on the back of the head, abrasions of both legs, "a place on the right side of his head. . . a bruise on his arm, . . . a hole in his head." After burial, the employer/insurer requested the claimant/widow to allow an autopsy to be performed on the employee/decedent, which was refused.

There was no question as to marriage or dependency, or that employee was acting within the scope of his employment and about the business of his employer when he met his death. The employer/insurer defended the action claiming that employee's death did not arise out of his employment, but was due to a heart attack.

The deputy director found that "the evidence is insufficient to show the cause of this accident and I am unable to determine whether the deceased's accident was triggered by illness, falling asleep, or some mechanical defect in the vehicle, and I conclude that his death was caused by an accident and injury which arose out of and in the course of his employment and is therefore compensable." The deputy director went on to find the existence of an issuable defense, but awarded compensation to the widow/claimant.

The State Board of Workmen's Compensation approved the claimant's attorney fee contract (33 1/3% contingency).

Employer/insurer appealed the award to the State Board of Workmen's Compensation, requesting a de novo review. The claimant thereafter petitioned the board to penalize the employer/insurer by the assessment of attorney fees and costs against them under the provisions of Code Ann. § 114-712. Upon review, the full board unanimously affirmed the award of the deputy director as to compensation and found (2 to 1) that "this matter was defended without reasonable grounds" and ordered reasonable attorney fees assessed against the employer/insurer. The employer/insurer appealed to the Superior Court of Hall County, which affirmed the award in toto, but declined to assess any additional attorney fees. The appeal to this court is from the award of attorney fees only.

In my opinion, the facts demand a finding that the employee's death was compensable and that the defense of the claim was unreasonable. It is well settled that where an employee is found dead at the place where he might be expected to be in the performance of the duties of his employment, the natural presumption arises that his death arose out of an accident in the course of his employment. For an excellent discussion of this point see *New Amsterdam Cas. Co. v. Sumrell,* 30 Ga. App. 682 (2a, b) (118 SE 786). See also *Standard Accident Ins. Co. v. Kiker,* 45 Ga. App. 706 (5) (165 SE 850); *Williams v. Gartrell,* 124 Ga. App. 391 (184 SE2d 49). After this is shown, the burden is on the employer to show otherwise. *American Surety Co. v. Castleberry,* 57 Ga. App. 402, 403 (195 SE 590).

That the deceased employee met the foregoing requirement, has never been questioned in this case. What then is the basis for the defense of the claim? The employer/insurer *contend* that the employee died of a heart attack, yet there was no proof of this contention. At most, the two physicians that testified stated that

the employee could have died of a heart attack, or, based on certain hypothetical facts, that in their opinion he probably died of a heart attack. Both doctors testified that they did not know the cause of the claimant's death. This is obviously not sufficient to even establish that the employee died of a heart attack, much less overcome the presumption that the death arose out of his employment. The facts in the instant case indisputably show that, within a 48-hour period in July, 1971, the employee had driven a 1-1/2 ton flat bed truck over 1,200 miles. This court knows from human experience that a trip of such length is tiring, particularly in July in the southern part of this country. Even if it had been conclusively proved that the employee died of a heart attack, after such a trip we most certainly could not say as a matter of law that this did not contribute to his condition and that an award of compensation would not be authorized. The employer/insurer must take the case as it is, not as they might wish it to be. Here, there was positive proof of a violent accident immediately preceding the employee's death—which had been preceded by a long, strenuous trip—involving an employee who was in the performance of his employer's business at a place where he could be expected to be.

I agree with the majority opinion that the issue of assessment of attorney fees is one of fact for determination by the board and that the finding of fact that the claim was defended without reasonable grounds, must be supported by evidence. The evidence heretofore recited in some detail, amply meets these requisites. The award is not subject to the criticism of being based on speculation. It is not sound to justify the employer/insurer's position on the mere *possibility* of a heart attack being the cause of the employee's death under the facts in this case, or the claimant/widow's refusal to authorize the exhuming of her husband's body for an autopsy (which she was under no compulsion to follow. See: *Employers Mut. Liab. Ins. Co. v. Carson,* 100 Ga. App. 409 (111 SE2d 918). I am constrained to note that in *Carson* the autopsy was requested *prior* to burial, whereas here the request occurred on September 13, 1971—two months after burial), or the fact that one member of the State Board of Workmen's Compensation dissented from the award of attorney fees.

As previously mentioned, the issue as to the propriety of the award of attorney fees, was one of fact for resolution by the full board. " 'Under the provisions of § 114-712, as amended, whether or not the employer had defended the action without reasonable

ground was an issue of fact for determination by the State Board of Workmen's Compensation.' " *Meeks v. Travelers Ins. Co.,* 119 Ga. App. 569 (167 SE2d 927) and cit.; *Wilson v. Maryland Cas. Co.,* 71 Ga. App. 184, 191 (30 SE2d 420).

In cases of this nature, "reasonableness" is a fact which must be determined from all the evidence in the case. Once that fact is determined by the board, it is conclusive as to that issue (as it is to any other issue in the case) if there is any evidence to sustain it and such cannot be reviewed in the appellate court. *Ocean Accident &c. Corp. v. Farr,* 180 Ga. 266, 270 (178 SE 728); *Maryland Cas. Co. v. Sanders,* 182 Ga. 594 (186 SE 693); *Maryland Cas. Co. v. England,* 160 Ga. 810, 812 (129 SE 75); *Georgia Cas. Co. v. Martin,* 157 Ga. 909, 915 (122 SE 881).

The following are examples of cases where attorney fees were assessed against employer/insurer: *Federated Ins. Group v. Pitts,* 118 Ga. App. 356 (163 SE2d 841); *U. S. Cas. Co. v. White,* 108 Ga. App. 539 (133 SE2d 439); s. c., 111 Ga. App. 267 (141 SE2d 321); *Baggett Transportation Co. v. Barnes,* 113 Ga. App. 58 (147 SE2d 372).

Employer/insurer did not show any evidence which indicates that this claim was anything but a compensable claim. The award of the State Board of Workmen's Compensation awarding attorney fees, which was affirmed by the Superior Court of Hall County, should not be disturbed by this court. *New Amsterdam Cas. Co. v. Thompson,* 100 Ga. App. 677, 686 (112 SE2d 273); *Federated Ins. Group v. Pitts,* 118 Ga. App. 356, 358, supra.

I respectfully dissent.

I am authorized to state that Judge Deen concurs in this dissent.